IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BILLJCO, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**CISCO SYSTEMS, INC.**<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No. 2:21-cv-181<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BillJCo, LLC ("BillJCo" or "Plaintiff"), by its undersigned counsel, for its Complaint against defendant Cisco Systems, Inc. ("Cisco" or "Defendant").

**I.     NATURE OF THE ACTION**

1. This is a civil action arising under the patent laws of the United States, 35 U.S.C. §1 et seq., including 35 U.S.C. §271, based on Cisco's unauthorized and willful infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating BillJCo's patented inventions.

2. BillJCo is owner of all right, title, and interest in and to multiple United States patents and patent applications including United States Patent Nos. 8,761,804 (the '804 Patent); 10,292,011 (the '011 Patent); 10,477,994 (the '994 Patent) (collectively, "the Patents-in-Suit").

3. Cisco manufactures, provides, sells, offers for sale, imports, and/or distributes products and services which directly infringe the Patents-in-Suit. The Patents-in-Suit represent BillJCo.'s significant investment into the Bluetooth Low Energy ("BLE") beacon technology space.

## II. THE PARTIES

4. Plaintiff BillJCo, LLC is a Texas limited liability corporation with its principal place of business located at 1704 Katherine Court, Flower Mound, TX 75022. Bill Johnson is a member of BillJCo and is the inventor of the Patents-in-Suit and related patents in the patent portfolio.

5. Cisco Systems, Inc. is a Delaware corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco may be served through its registered agent for service in Texas, Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION AND VENUE

6. This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 282, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Cisco because it has committed acts giving rise to this action within Texas and within this judicial district. Cisco also regularly does business or solicits business in this District and in Texas, engages in other persistent course of conduct, derives substantial revenue from products and/or services provided in this District and in Texas, has purposefully established substantial, systematic and continuous contacts with this District, and should reasonably expect to be sued in a court in this District.

8. For example, Cisco has a regular and established place of business in the State of Texas and in this District, including office spaces located at 2250, 2300, and 2400 East President George Bush Turnpike, Richardson, Texas 75082. Cisco also conducts business with customers residing in this District, and offers support service to customers in this District and Texas.

9. Cisco has committed acts of patent infringement in this District and elsewhere in Texas.

10. Cisco continues to grow its presence in this District, further cementing its ties to this District. Cisco operates a website and various advertising campaigns that solicit sales of the infringing products by consumers in the District and in Texas. Cisco has entered into partnerships with numerous resellers and distributors to sell and offer for sale the Accused Products to consumers in this District, both online and in stores, and offers support services to customers in this District.

11. Cisco is registered to do business in Texas and maintains an agent authorized to receive service of process within Texas. Given these contacts, the Court's exercise of jurisdiction over Cisco will not offend traditional notions of fair play and substantial justice.

12. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§1391 and 1400(b) because Cisco has an established place of business in this District, including that Cisco maintains office locations in this District at 2250, 2300, and 2400 East President George Bush Turnpike, Richardson, Texas 75082, has committed acts within this District giving rise to this action and resulting in the derivation of substantial revenue from goods and services provided to customers in Texas, and continues to conduct business in this District, including one or more acts of selling, using, importing, and/or offering for sale infringing goods and/or performing support service thereof to Cisco's customers in this District.

13. Venue is also convenient as BillJCo is a registered Texas Limited Liability Company located in Denton County and resides within this District. Similarly, BillJCo member and inventor of the Patents-in-Suit, Mr. Johnson, lives and resides in Denton County within this District. As such, various evidence and sources of proof relating to the Patents-in-Suit and this case also are located in and reside in this District and Texas.

## IV.   FACTUAL ALLEGATIONS

### *BillJCo's Technology and Patents-in-Suit*

14. Beacon technology generally relates to a class of BLE hardware transmitters that broadcast, among other things, their identifier to nearby electronic devices where different information can be received, processed, analyzed, and ultimately presented to a user to, for example, enhance a user's or customer's experience.

15. The BillJCo patent portfolio includes thirty-three (33) issued and enforceable United States patents ("the Patent Portfolio") directed to the beacon technology ecosystem which have resulted from the innovation, ingenuity, and work of BillJCo member and inventor William J. Johnson. The Patent Portfolio claims an earliest priority date of March 14, 2008.

16. The Patents-in-Suit are part of the Patent Portfolio and relate to specific and particularized inventions for, and associated with, this beacon technology and the related protocols and specifications which facilitate and enable aspects of the beacon technology ecosystem including devices capable of implementing beacon standards and specifications, manufacturers of beacon transmitting devices, application developers, and beacon deployers. In particular, the Patents-in-Suit also teach and disclose – among other things – systems and methods for broadcasting and beaconing related identifiers, applications, and location information for use within the beacon ecosystem.

17. On June 24, 2014, the '804 Patent entitled "System and Method for Location Based Exchanges of Data Facilitating Distributed Locational Applications" was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '804 Patent is attached hereto as Exhibit A.

18. On May 14, 2019, the '011 Patent entitled "System and Method for Location Based Exchange Network" was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '011 Patent is attached hereto as Exhibit B.

19. On November 19, 2019, the '994 Patent entitled "System and Method for Location Based Exchanges of Data Facilitating Distributed Locational Applications" was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '994 Patent is attached hereto as Exhibit C.

20. The Patents-in-Suit are valid and enforceable.

21. As of the priority date, the inventions as claimed in the Patents-in-Suit were novel, non-obvious, unconventional, and non-routine.

22. BillJCo, LLC is the assignee of and owns all right, title, and interests in the Patents-in-Suit, including the right to receive a reasonable royalty, and recovery of any and all other damages for all past and future infringement thereof.

*Cisco's Infringing Instrumentalities*

23. Cisco makes, imports, uses, offers for sale, and sells in the United States devices that conform, implement, and infringe the Patents-in-Suit. This includes devices that use BLE to broadcast data packets, in compliance with beacon standards and specifications, to nearby wireless devices, such as smartphones and tablets, including at least: CiscoWave 2 Access Points including Aironet 1542/1800/1810/1815//1830/1850/2800/ 3800/4800 series; Cisco Catalyst

9100/9800 access point series; Cisco USB BLE Beacon devices including AIR-BLE-USB-10 and AIR-BLE-USB-50; and Cisco Beacon Point Module including AIR-RM-VBLE2-K9 (collectively, the "Accused Infringing Instrumentalities").

24. The Accused Infringing Instrumentalities are used to create a communications system where beacons transmit a series of messages that include data fields arranged in accordance with the BLE protocol and another device receives such a message and is capable of receiving data, including location data, contained in the inquiry message.

25. In particular, the Accused Infringing Instrumentalities implement certain features of different beacon specifications and protocols including Apple, Inc.'s iBeacon standard.

26. For example, the Accused Infringing Instrumentalities use a standardized technology data packet consisting of at least the following pieces of information: proximity universally unique identifier (UUID), Major, Minor.

> The AP's BLE firmware supports the following beaconing profiles:
> - iBeacon: This is Apple's iBeacon broadcast format. In this profile, you can configure the following broadcast data:
>   - UUID (16 bytes value, which can uniquely identify an organization)
>   - Major number (2 bytes value, which can identify a unique store of the organization)
>   - Minor number (2 bytes value, which can identify a particular product or section)
>
> Typical use cases are iOS or Android apps that use Major, Minor, or UUID to show local store data to smartphone user, when they walk close to a Cisco Wave 2 or Catalyst AP.

27. Cisco has been aware that it infringes the Patents-in-Suit since at least the filing of this lawsuit, and Cisco has failed to cease its infringing activities.

28. Cisco has infringed, and continues to infringe, claims of the Patents-In-Suit in the United States by making, using, offering for sale, selling and/or importing the Accused Infringing Instrumentalities in violation of 35 U.S.C. §271(a).

29. Cisco induces infringement by others of one or more claims of the Patents-in-Suit in violation of 35 U.S.C. §271(b) in aiding, instructing, promoting, encouraging or otherwise acting with the intent to cause other parties including customers, developers, and other third-parties to use its Accused Infringing Instrumentalities. Cisco is aware of the Patents-in-Suit, at least as of the filing of this lawsuit, and knows or should have known that the inducing acts described herein constitute infringement of the Patents-in-Suit.

30. Cisco takes specific steps to actively induce others—such as, for example customers, application developers, and third-party manufacturers—to access, use, and develop programs and applications for the Accused Infringing Instrumentalities and intentionally instructs infringing use through training videos, demonstrations, brochures, installation and user guides, such as those located at:

https://www.cisco.com/c/en/us/td/docs/wireless/controller/9800/16-12/config-guide/b_wl_16_12_cg/ble-beacon.html;

https://www.cisco.com/c/en/us/td/docs/wireless/cmx_cloud/vBLE_HIG/b_ble_hig/b_ble_hig_chapter_01.html;

https://www.cisco.com/c/en/us/td/docs/wireless/cmx_cloud/vBLE_HIG/b_ble2_hig/b_ble2_hig_chapter_01.html.

31. Cisco has also infringed, and continues to infringe the Patents-In-Suit by offering to commercially distribute, commercially distributing, or importing Accused Infringing Instrumentalities which are used in practicing the processes, or using the systems of the Patents-In-Suit, and constitute a material part of the invention. Cisco knows portions of the Accused Infringing Instrumentalities to be especially made or especially adapted for use in infringement of the Patents-in-Suit, not a staple article, and not a commodity of commerce suitable for

substantially noninfringing use. Cisco is therefore liable for infringement of the Patents-in-Suit under 35 U.S.C. §271(c).

32. Cisco undertook and continues its infringing actions despite that it knew and/or should have known that its actions constituted an unjustifiably high risk that its activities infringed the Patents-in-Suit, which were duly issued by the USPTO, and are presumed valid. For example, since at least the filing of this action, Cisco has been aware of the unjustifiably high risk that its actions constituted and continue to constitute infringement of the Patents-in-Suit, and that the Patents-in-Suit are valid. On information and belief, Cisco could not reasonably, subjectively believe that its actions do not constitute infringement of the Patents-in-Suit, and it could not reasonably, subjectively believe that the Patents-in-Suit are invalid. Despite this knowledge and subjective belief, and the unjustifiably high risk that its actions constitute infringement, Cisco has continued its infringing activities. As such, Cisco willfully infringes the Patents-in-Suit.

**COUNT I: INFRINGEMENT OF THE '804 PATENT**

33. BillJCo incorporates all previous paragraphs by reference as if fully stated herein.

34. BillJCo owns all substantial rights, interest, and title in and to the '804 Patent, including the sole and exclusive right to prosecute this action and enforce the '804 Patent against infringers, and to collect damages for all relevant times.

35. The '804 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

36. As set forth in the attached exemplary non-limiting Claim Chart (Exhibit D), Cisco without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '804 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '804 Patent. Cisco is thus liable for direct infringement of the '804 Patent pursuant to 35 U.S.C. §271(a).

37. Cisco actively induces infringement of at least one claim of the '804 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '804 Patent. Cisco aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Cisco knew of the '804 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '804 Patent, and Cisco is thus liable for inducement of the '804 Patent pursuant to 35 U.S.C. §271(b).

38. Cisco is also liable for contributory infringement of at least one claim of the '804 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '804 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Cisco knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit. For at least the reasons set forth above, Cisco contributes to the infringement of the '804 Patent by others.

39. To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '804 Patent.

40. BillJCo has been damaged as a result of the infringing conduct by Cisco alleged above. Thus, Cisco is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo is also entitled to receive such other and further relief, as this Court deems just and proper.

41. BillJCo is further informed, and on this basis alleges, that Cisco's infringement of the '804 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Cisco has had knowledge of the '804 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Cisco's infringing actions have been and continue to be consciously wrongful.

42. Cisco's use of the '804 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '804 Patent to Cisco.

## COUNT II: INFRINGEMENT OF THE '011 PATENT

43. BillJCo incorporates all previous paragraphs by reference as if fully stated herein.

44. BillJCo owns all substantial rights, interest, and title in and to the '011 Patent, including the sole and exclusive right to prosecute this action and enforce the '011 Patent against infringers, and to collect damages for all relevant times.

45. The '011 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand to understand the scope of the claims and how the non-

conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

46. As set forth in the attached exemplary non-limiting Claim Chart (Exhibit E), Cisco without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '011 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '011 Patent. Cisco is thus liable for direct infringement of the '011 Patent pursuant to 35 U.S.C. §271(a).

47. Cisco actively induces infringement of at least one claim of the '011 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '011 Patent. Cisco aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Cisco knew of the '011 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '011 Patent, and Cisco is thus liable for inducement of the '011 Patent pursuant to 35 U.S.C. §271(b).

48. Cisco is also liable for contributory infringement of at least one claim of the '011 Patent by providing, and by having knowingly provided, a material part of the instrumentalities, namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '011 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Cisco knew that the Accused Infringing Instrumentalities were especially made for use in an infringing

manner prior to the filing of this lawsuit.  For at least the reasons set forth above, Cisco contributes to the infringement of the '011 Patent by others.

49. To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '011 Patent.

50. BillJCo has been damaged as a result of the infringing conduct by Cisco alleged above.  Thus, Cisco is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo is also entitled to receive such other and further relief, as this Court deems just and proper.

51. BillJCo is further informed, and on this basis alleges, that Cisco's infringement of the '011 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Cisco has had knowledge of the '011 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Cisco's infringing actions have been and continue to be consciously wrongful.

52. Cisco's use of the '011 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '011 Patent to Cisco.

### COUNT III: INFRINGEMENT OF THE '994 PATENT

53. BillJCo incorporates all previous paragraphs by reference as if fully stated herein.

54. BillJCo owns all substantial rights, interest, and title in and to the '994 Patent, including the sole and exclusive right to prosecute this action and enforce the '994 Patent against infringers, and to collect damages for all relevant times.

55. The '994 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been conventional or generic in the art at the time of the invention.

56. As set forth in the attached exemplary non-limiting Claim Chart (Exhibit F), Cisco without authorization or license from BillJCo, has been and is presently directly infringing, literally or under the doctrine of equivalents, at least one claim of the '994 Patent, pursuant to 35 U.S.C. §271(a), including through making, using, selling, and/or offering for sale in the United States the Accused Infringing Instrumentalities, and/or importing into the United States, methods, services, systems, and products made in accordance with the '994 Patent. Cisco is thus liable for direct infringement of the '994 Patent pursuant to 35 U.S.C. §271(a).

57. Cisco actively induces infringement of at least one claim of the '994 Patent by selling the Accused Infringing Instrumentalities with instructions as to how to use the Accused Infringing Instrumentalities in a system or method such as recited in the '994 Patent. Cisco aids, instructs, or otherwise acts with the intent to cause an end user to use the Accused Infringing Instrumentalities. Cisco knew of the '994 Patent and knew that its use and sale of the Accused Infringing Instrumentalities infringe at least one claim of the '994 Patent, and Cisco is thus liable for inducement of the '994 Patent pursuant to 35 U.S.C. §271(b).

58. Cisco is also liable for contributory infringement of at least one claim of the '994 Patent by providing, and by having knowingly provided, a material part of the instrumentalities,

namely the Accused Infringing Instrumentalities, used to infringe at least one claim of the '994 Patent. The Accused Infringing Instrumentalities have no substantial non-infringing uses. Cisco knew that the Accused Infringing Instrumentalities were especially made for use in an infringing manner prior to the filing of this lawsuit. For at least the reasons set forth above, Cisco contributes to the infringement of the '994 Patent by others.

59. To the extent 35 U.S.C. § 287 is determined to be applicable, its requirements have been satisfied with respect to the '994 Patent.

60. BillJCo has been damaged as a result of the infringing conduct by Cisco alleged above. Thus, Cisco is liable to BillJCo in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty and in an amount yet to be determined. BillJCo is also entitled to receive such other and further relief, as this Court deems just and proper.

61. BillJCo is further informed, and on this basis alleges, that Cisco's infringement of the '994 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of enhanced damages for up to three times the actual damages awarded and attorney's fees to BillJCo pursuant to 35 U.S.C. §§ 284-285. As noted above, Cisco has had knowledge of the '994 Patent or at least was willfully blind to its infringement, as well as related patents and patent applications, and its infringement thereof, and yet has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for BillJCo patent rights. Thus, Cisco's infringing actions have been and continue to be consciously wrongful.

62. Cisco's use of the '994 Patent is not licensed or authorized by BillJCo in any way. BillJCo has not licensed the '994 Patent to Cisco.

V.  **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), BillJCo hereby demands a trial by jury of any and all issues triable of right before a jury.

VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BillJCo respectfully requests that the Court:

A. Enter a judgment that Cisco has infringed one or more claims of the Patents-in-Suit;

B. Enter a judgment awarding Plaintiff BillJCo a reasonably royalty and all other damages adequate to compensate it for Cisco's infringement of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

C. Declare that the Patents-in-Suit are valid and enforceable;

D. Order Cisco to pay damages adequate to compensate BillJCo for Cisco's infringement, together with interest and costs under 35 U.S.C. § 284;

E. Order Cisco to play supplemental damages to BillJCo, including interest, with an accounting, as needed;

F. Declare this case exceptional pursuant to 35 U.S.C. § 285;

G. Declare that Cisco's infringement is willful and that the damages awarded to BillJCo should be enhanced up to three times the actual damages awarded;

H. Award Plaintiff BillJCo its costs, disbursements, expert witness fees, and attorneys' fees incurred in prosecution this action, with interest; and

I. Award Plaintiff BillJCo other such and further relief, including equitable relief, as this Court deems just and proper.

Dated: May 25, 2021                                   Respectfully submitted,

/s/ Brian R. Michalek by permission Claire Henry
Brian R. Michalek (pro hac vice pending)
Casey Grabenstein (pro hac vice pending)
Brian Landry (pro hac vice pending)
Erin Westbrook (pro hac vice pending)
brian.michalek@saul.com
casey.grabenstein@saul.com
brian.landry@saul.com
erin.westbrook@saul.com
**Saul Ewing Arnstein & Lehr LLP**
161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: 312-876-7100
Facsimile: 312-876-0288

*Of Counsel:*

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**Attorneys for Plaintiff BillJCo, LLC**

16