**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BillJCo, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Cisco Systems, Inc.,<br><br>　　　　Defendant. | Case No. 2:21-cv-181<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MOTION TO DISMISS COUNT II OF COMPLAINT**

## TABLE OF CONTENTS

I.   Background ................................................................................................................. 1
II.  Legal Principles .......................................................................................................... 2
III. Count II Should Be Dismissed For Failure To State A Claim .................................... 3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 678 (2009)..................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................2

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006).................................................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)..................................................................................................................3

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) ....................................................................................................2

*Int'l Bus. Machines Corp. v. Booking Holdings Inc.*,
   775 F. App'x 674 (Fed. Cir. 2019) ...........................................................................................3

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017).................................................................................................4

*Iqbal. Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016).............................................................................................3, 4

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
   No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016).......................................3

*Poloceno v. Dall. Indep. Sch. Dist.*,
   826 Fed. App'x 361-62 (5th Cir. 2020) ....................................................................................3

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
   2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) .........................................................................4

*Stragent, LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017).........................3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................1, 3, 5

Local Rule CV-5(a)(3)....................................................................................................................6

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Cisco moves to dismiss Count II of the Complaint for failure to state a claim. Count II asserts that Cisco infringes (directly, indirectly, and contributorily) claim 11 of United States Patent No. 10,292,011 ("the '011 patent").

## I.   Background

Among other things, claim 11—the only claim of the '011 patent asserted in Plaintiff's complaint—requires that a "sending data processing system" "periodically beacon[s] outbound a broadcast unidirectional wireless data record" and that a "receiving user carried mobile data processing system" "anticipat[es] receipt of the broadcast unidirectional wireless data record … in response to *a user activating the location based application* with the user interface of the receiving user carried mobile data processing system." Dkt. 1-2 at 449:33-450:15 (emphasis added).

Thus, to practice the claimed method, there must be action by a third-party unrelated to Cisco—the end user must make a certain input on the end user's mobile device. In fact, Plaintiff concedes that the end user—not merely Cisco—is needed to infringe claim 11 of the '011 patent. As shown in the excerpts of the complaint's claim chart (exhibit E) below, Plaintiff alleges that Cisco access points send a broadcast unidirectional wireless data record, but that an entirely unrelated end user activates the location-based application on her mobile phone. In short, Plaintiff admits that actions taken by both Cisco and end users of mobile phones are needed to infringe the claim.

| US Patent No. 10,292,011 B2 | Managing BLE Beacons in Cisco Wave 2 and 802.11ax Access Points |
|---|---|
| **periodically beaconing outbound a broadcast unidirectional wireless data record** from at least one sending data processing system for physically locating in a region of the sending data processing system one or more receiving user carried mobile data processing systems, the broadcast unidirectional wireless data record received directly from the sending data processing system in each receiving user carried mobile data processing system of the one or more receiving user carried mobile data processing systems, and including: | The BLE Management feature supports both sending of beacons and listening to beacons from small battery-powered devices.<br><br>BLE beacons support the following profiles:<br>• iBeacon profile<br>• Eddystone-URL profile<br>• Eddystone-UID profile<br>• viBeacon (contains up to 5 iBeacons internally)<br><br>Bluetooth-enabled smartphones that are nearby can pick up the transmission from beacons and communicate with the back-end server to push advertisements or other information. The transmission power range is from −21 dBm to +5 dBm in increments of 3 dB. You can also configure the broadcast frequency in the range of 100 milliseconds to 10000 milliseconds.<br><br>https://www.cisco.com/c/en/us/td/docs/wireless/controller/9800/16-12/config-guide/b_wl_16_12_cg/ble-beacon.html |

Dkt. 1-8 at 1 (emphasis added).

| US Patent No. 10,292,011 B2 | CiscoWave 2 Access Points |
|---|---|
| upon the receiving user carried mobile data processing system determining with a local memory maintained location based configuration monitored with background processing of the receiving user carried mobile data processing system during mobility of the receiving user carried mobile data processing system anticipating receipt of the broadcast unidirectional wireless data record having the application context identifier data **in response to a user activating the location based application with the user interface of the receiving user carried mobile data processing system** wherein the location based application: | Apple devices implement the iBeacon protocol. Apps implementing iBeacon region APIs cause the iOS operating system to **request user permission to use location services.**<br><br>**Privacy and Location**<br>Because iBeacon is part of Core Location, the same user authorization is required in order to be used. Users will see the same location authorization alert when an application attempts to use the iBeacon APIs:<br><br>"AirLocate" Would Like to Use Your Current Location<br>Don't Allow    OK<br><br>Applications that use beacon region APIs in CoreLocation will appear in the Settings app under Privacy > Location Services and users can allow or deny an application's access to iBeacon functionality at any time. Furthermore, any Bluetooth packets that are associated with iBeacon are excluded from the CoreBluetooth APIs.<br><br>Apple, "Getting Started with iBeacon", Version 1.0 (June 2, 2014), downloaded from https://developer.apple.com/ibeacon/Getting-Started-with-iBeacon.pdf on Oct. 26, 2020<br><br>The CoreLocation service is (like most, if not all, operating system functions) a background activity. **Granting permission through the UI above causes the app to be registered within iOS CoreLocation services to receive iBeacon messages from beacons.** |

Dkt. 1-8 at 4 (emphasis added).

## II.     Legal Principles

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th

Cir. 2009). Complaints that fail to state a claim upon which relief can be granted are to be dismissed as a matter of law. Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), a court takes as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Poloceno v. Dall. Indep. Sch. Dist.,* 826 Fed. App'x 361-62 (5th Cir. 2020).

To adequately plead direct infringement, a plaintiff must allege facts showing that an accused product meets each and every limitation of at least one patented claim. *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claims of direct patent infringement because the complaint failed to plausibly allege the defendant practiced all limitations of any asserted claim); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *6 (E.D. Tex. Mar. 3, 2017).

Induced infringement claims must also state a plausible claim under *Twombly* and *Iqbal*. *Lyda v. CBS Corp.,* 838 F.3d 1331, 1338 (Fed. Cir. 2016). In addition to allegations of an underlying direct infringement, the complaint must further allege facts showing "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

### III. Count II Should Be Dismissed For Failure To State A Claim

***The Complaint Fails to State a Claim for Direct Infringement.*** Direct infringement of method claims, like the only asserted claim of the '011 patent (claim 11), requires that all the steps of a claimed method be "performed by or attributable to a single entity." *Int'l Bus. Machines Corp. v. Booking Holdings Inc.,* 775 F. App'x 674, 677 (Fed. Cir. 2019). "Divided infringement occurs when more than one actor is involved in practicing the steps and the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Int'l Bus. Machines Corp. v. Booking Holdings Inc.,* 775 F. App'x 674, 678 (Fed. Cir. 2019). "A claim of joint infringement

thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).

This is a divided infringement case. The complaint asserts direct infringement, but alleges that both Cisco and unrelated third-party end users of mobile phones perform different steps of the claimed method. And because Plaintiff failed to properly plead the elements of divided infringement, count II of Plaintiff's complaint must be dismissed. Nowhere in Plaintiff's complaint is an allegation that Cisco directs or controls the mobile phone end users' actions or that Cisco has formed a joint enterprise with entirely unrelated end users of mobile phones, which are required elements of a divided infringement allegation. Accordingly, count II of Plaintiff's complaint for direct infringement of claim 11 of the '011 patent should be dismissed with prejudice.

***The Complaint Fails to State a Claim for Indirect Infringement.*** "A finding of direct infringement is predicate to any finding of indirect infringement." *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1331 (Fed. Cir. 2017); *see also DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1303 (Fed. Cir. 2006) ("[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement."). Because Plaintiff fails to allege a plausible claim for direct infringement of the '011 patent, Plaintiff's claim of indirect infringement of the '011 patent must also be dismissed. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.").

For all of the foregoing reasons, Cisco respectfully requests that Count II of the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: August 2, 2021

By: /s/ K. Padmanabhan
K. Padmanabhan (pro hac vice pending)
kpadmanabhan@winston.com
Winston & Strawn LLP
200 Park Ave.
New York City, NY 10166
Tel: (212) 294-6700

Louis Campbell
llcampbell@winston.com
Winston & Strawn LLP
275 Middlefield Road #205
Menlo Park, CA 94025
Tel: (415) 810-6570

Saranya Raghavan
Sraghavan@winston.com
35 W Wacker Dr.
Chicago, IL 60601
Tel: (312) 576-4559

***Attorneys for Defendant,
 Cisco Systems, Inc***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 2nd day of August 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

/s/ Melissa R. Smith