# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **BILLJCO, LLC** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CISCO SYSTEMS, INC.** | ) |
| | ) Civil Action No. 2:21-cv-181 |
| Defendant. | ) JURY TRIAL DEMANDED |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## BILLJCO, LLC'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS

i

# Table of Contents

**Introduction**................................................................................................................1

**Background** ................................................................................................................2

**Argument** ...................................................................................................................3

    I. BillJCo's Complaint Adequately Alleges Direct Infringement In Count II ............................4

      A. Defendant's Claim Construction Is Premature.....................................................4

      B. Claim 11 of the '011 Patent Requires Only A Single Step Performed By A Single Actor.6

    II. BillJCo's Complaint Adequately Alleges Indirect Infringement. ...........................................9

**Conclusion**................................................................................................................10

# Table of Authorities

*Actus, LLC v. Bank of Am. Corp.*
   2010 WL 547183 (E.D. Tex. Feb. 10, 2010) ...................................................5

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .......................................................................................3

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ....................................................................................3, 4

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*
   695 F. Supp. 2d 680 (S.D. Ohio 2010) .....................................................5, 10

*H-W Tech., L.C. v. Apple, Inc.*
   2013 WL 12124025 (N.D. Tex. May 28, 2013) ............................................5

*Integra LifeSciences Corp. v. HyperBranch Medical*
   2018 WL 1737781 (D. Del. Apr. 10, 2018)................................................8, 9

*Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*
   271 F. Supp. 3d 667 (D. Del. 2017)...............................................................8

*Lormand v. U.S. Unwired, Inc.*
   565 F.3d 228 (5th Cir. 2009) .........................................................................3

*Nalco Co. v. Chem-Mod, LLC*
   883 F.3d 1337 (Fed. Cir. 2018).....................................................................10

*R+L Carriers, Inc. v. DriverTech LLC*
   681 F.3d 1323 (Fed. Cir. 2012)......................................................................10

*Snow Ingredients, Inc. v. SnoWizard, Inc.*
   833 F.3d 512 (5th Cir. 2016) .........................................................................4

*Soverain Software LLC v. J.C. Penney Corp.*
   899 F. Supp. 2d 574 (E.D. Tex. 2012)............................................................4

*Summit 6, LLC v. Samsung Elecs. Co.*
   802 F.3d 1283 (Fed. Cir. 2015).............................................................6, 7, 8

*Yangaroo Inc. v. Destiny Media Techs. Inc.*
   2009 WL 2836643 (E.D. Wis. Aug. 31, 2009)................................................5

## Other Authorities

Fed. R. Civ. P. 8(a) ................................................................................................3

Fed. R. Civ. P. 12(b)(6)..........................................................................................3

iii

## INTRODUCTION

The Court should reject Defendant Cisco Systems, Inc.'s ("Defendant" or "Cisco") half-hearted effort to dismiss Count II of BillJCo, LLC's ("BillJCo") Complaint for infringement of BillJCo's United States Patent No. 10,292,011 (the '011 Patent). Without citing any analogous cases supporting its position, Defendant summarily argues in two paragraphs of its motion that claim 11 of the '011 Patent implicates issues of divided infringement and therefore, BillJCo's direct infringement claim should be dismissed.

As a threshold matter, Defendant's divided infringement argument is procedurally improper. The parties have not engaged in claim construction discovery or briefing. Defendant's motion nevertheless asks this Court to leap-frog those steps and construe the claims at issue in its favor now. As the cases cited below make clear, this unorthodox request is premature.

Even if it were appropriate to consider Defendant's divided infringement argument at the pleading stage (it is not), the argument fails on the merits. Defendant mistakenly argues that claim 11 of the '011 Patent implicates divided infringement because it requires "action by a third party." Dkt. 19 at 1. That is incorrect. Claim 11 only involves a single step from a single actor: "periodically beaconing outbound a broadcast unidirectional wireless data record from at least one sending data processing system." Although Defendant attempts to divide and parse the claim to include multiple steps for multiple actors, the language Defendant cherry-picks are not verbs creating additional steps. The language cited only characterizes the single step where a single actor performs each and every limitation. Defendant does not cite any cases holding otherwise under similar circumstances.[1]

---

[1] To the extent Defendant attempts to cite supporting case law for the first time in its reply brief, such an effort would be improper, and BillJCo reserves the right to file a sureply addressing those authorities.

38865828.1

Defendant also moves to dismiss BillJCo's claim for indirect infringement with respect to the '011 patent on the grounds that BillJCo has failed to adequately allege the requisite direct infringement. This argument fails for the same reasons Defendant's arguments on direct infringement fail.

## **BACKGROUND**

BillJCo is the owner of the '011 Patent, as well as United States Patent No. 8,761,804 (the '804 Patent) and United States Patent No. 10,477,994 (the '994 Patent) (collectively the "Patents-in-Suit."). Dkt. 1 at ¶ 2. The Patents-in-Suit, along with other patents in the same patent family, relate to the Bluetooth low energy ("BLE") beacon technology space. *Id.* at ¶ 3. Beacon technology generally involves BLE hardware transmitters that broadcast their identifier to nearby electronic devices to enhance a user's or customer's experience. Dkt. 1 at ¶ 14. The beacon technology eco system includes devices capable of implementing beacon standards and specifications, manufacturers of beacon transmitting devices, application developers, and beacon deployers. *Id.* at ¶ 16. The Patents-in-Suit teach and disclose systems and methods for broadcasting and beaconing related identifiers, applications, and location information for use within the beacon ecosystem. *Id.*

On May 25, 2021, BillJCo filed a patent infringement lawsuit against Defendant, alleging that it manufactures, provides, sells, imports, and/or distributes products and services that directly infringe the Patents-in-Suit. *Id.* at ¶ 3. BillJCo has specifically identified Defendant's devices (referred to in the Complaint as the Accused Infringing Instrumentalities), which infringe the Patents-in-Suit by using BLE to broadcast data packets, in compliance with beacon standards and specifications, to nearby wireless devices, such as smartphones and tablets. *Id.* at ¶ 23. In particular, BillJCo alleges – citing to Defendant's own literature – that the Accused Infringing

Instrumentalities implement certain features of different beacon specifications and protocols including Apple, Inc.'s ("Apple") iBeacon standard. *Id.* at ¶ 25. BillJCo also alleges that, for example, the Accused Infringing Instrumentalities use a standardized technology data packet consisting of at least the following pieces of information: proximity universally unique identifier (UUID), Major, Minor.



*Id.* at ¶ 26. BillJCo alleges that Defendant willfully infringes the Patents-in-Suit both directly and indirectly. *Id.* at ¶¶ 27-31.

On August 2, 2021, Defendant moved to dismiss Count II of BillJCo's Complaint. *See* Dkt. 19. For the reasons that follow, the Court should deny Defendant's Motion.

## ARGUMENT

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Lormand* v. *U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009) (internal quotations omitted). That is because Rule 8(a) requires only a "short plain statement of the claim" sufficient to give the defendant fair notice of what act is being accused. Fed. R. Civ. P. 8(a). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly* that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007).

The plausibility standard, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In general, the standard "simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. In deciding whether a plaintiff has met this standard, the Court must accept all well-pleaded factual allegations as true and interpret the complaint in the light most favorable to the plaintiff. *Snow Ingredients, Inc.* v. *SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016).

## I.   BillJCo's Complaint Adequately Alleges Direct Infringement In Count II.

Defendant first moves the Court to dismiss BillJCo's claim for direct infringement on the grounds that "[t]his is a divided infringement case." Dkt. 19 at p. 4. But no such divided infringement issue exists, and the Court should deny Defendant's motion for two reasons.[2] First, claim construction is premature. Second, even if the Court were to construe claims, claim 11 of the '011 Patent only requires a single step from a single actor. Thus, there can be no divided infringement.

### A.   Defendant's Claim Construction Is Premature.

Defendant's motion asks this Court to apply an improper claim construction. In particular, Defendant asserts a construction of claim 11 of the '011 Patent that requires separate steps of the method to be performed by a "sending data processing system" and a "receiving user carried mobile data processing system." Dkt. 19 at p. 1. Although this argument ignores the express language of the claim (as well as the specification) for the reasons discussed below, it is also an improper attempt to engage in premature claim construction.

---

[2] Defendant wrongly claims that "Plaintiff asserted infringement of only certain method claims from the Asserted Patents." Dkt. 21 at p. 7. While the Complaint pleads and references an exemplary method claim 11 of the '011 Patent, BillJCo's initial infringement contentions are not due and have not yet been served. Indeed, BillJCo is free to assert other claims of the '011 Patent including system claims which would not be subject to a divided or joint infringement challenge. *See Soverain Software LLC v. J.C. Penney Corp.*, 899 F. Supp. 2d 574, 581 (E.D. Tex. 2012), *rev'd sub nom. Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311 (Fed. Cir. 2015).

4

Courts routinely deny motions to dismiss for divided infringement where the motion would require premature claim construction. *Actus, LLC v. Bank of Am. Corp.*, 2010 WL 547183, at \*2 (E.D. Tex. Feb. 10, 2010) (denying motion because "[t]he pending motion [to dismiss] asks the Court to simultaneously adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims."); *see also H-W Tech., L.C. v. Apple, Inc.*, 2013 WL 12124025, at \*5 (N.D. Tex. May 28, 2013) ("Here, the case is in essentially the same procedural posture as before–no claim construction ruling has issued and, therefore, dismissal [based on joint infringement] is premature"); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 695 F. Supp. 2d 680, 684 (S.D. Ohio 2010) ("Initially, the Court agrees that the issue of whether the method of the patent requires one or more actors is not properly determined in a Rule 12 context, but is a question for claim construction. The Court will therefore not address Defendants' arguments concerning multiple-party performance and joint infringement, as they are premature."); *Yangaroo Inc. v. Destiny Media Techs. Inc.*, 2009 WL 2836643, at \*3 (E.D. Wis. Aug. 31, 2009) ("I find that Yangaroo has the better argument, at least at this stage of the litigation. In order to test the sufficiency of the allegation of infringement found in the complaint, the Court must first construe the patent claim to determine whether the claim requires an allegation of joint infringement.").

Accordingly, the Court should deny Defendant's motion to dismiss and premature attempt to engage in claim construction with respect to claim 11.

**B.     Claim 11 of the '011 Patent Requires Only A Single Step Performed By A Single Actor.**

In addition to being procedurally improper, Defendant's divided infringement argument is wrong.[3] Claim 11 of the '011 Patent recites a <u>single</u> step: "*periodically beaconing* outbound a broadcast unidirectional wireless data record from at least one sending data processing system...." Dkt. 1-4 ('011 Patent at col. 449, l. 33- col. 450, l. 15).

Defendant attempts to parse the patent by arguing that "***in response*** to a user activating the location based application with the user interface of the receiving user carried mobile data processing system" is a <u>separate step</u> that must be performed by a separate entity. Dkt. 19 at 2 (emphasis added). But claim 11 does not have any additional steps. The portion of claim 11, which Defendant selectively isolates, is merely a characterization of the type of broadcast unidirectional wireless data record that is periodically beaconed. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015). In other words, claim 11 does not require an additional method steps of "activating [by a user] the location based application…" or "anticipating receipt [by a user]…" as Defendant attempts to argue. *See* Dkt. 19 at p. 1. Rather, it requires periodically beaconing a wireless data record to be "received directly… in each receiving user carried mobile data processing system" where those systems are characterized, for example, as "anticipating receipt" of the data record "***in response*** to a user activating the location based application." *See* Dkt. 1-4 ('011 Patent at col. 449, l. 33- col. 450, l. 15 (emphases added)).

---

[3] Defendant suggests that BillJCo "concedes" or "admits" divided infringement (Dkt. 19 at p. 1). However, BillJCo clearly alleges Defendant as the single infringer under 35 U.S.C. 271(a) and (b). Dkt. 1 at ¶¶ 46-47. The fact that BillJCo went beyond the pleading standard required under *Bot M8 LLC v. Sony Corporation of America*, 2021 WL 2932690 at *6 (Fed. Cir. July 13, 2021) in identifying how third party devices process messages transmitted by Defendant's products does not and cannot constitute an admission that multiple actors are required to infringe the claim.

In particular, the claim recites:

> A method in a location network expanse, the method comprising:
>
> ***periodically beaconing outbound a broadcast unidirectional wireless data record*** from at least one sending data processing system for physically locating in a region of the sending data processing system one or more receiving user carried mobile data processing systems, the broadcast unidirectional wireless data record received directly from the sending data processing system in each receiving user carried mobile data processing system of the one or more receiving user carried mobile data processing systems, and including:
>
> …
>
> > ***[the broadcast unidirectional wireless data record including] application context identifier data*** identifying location based content for presenting by a location based application of the receiving user carried mobile data processing system to a user interface of the receiving user carried mobile data processing system upon the receiving user carried mobile data processing system determining with a local memory maintained location based configuration monitored with background processing of the receiving user carried mobile data processing system during mobility of the receiving user carried mobile data processing system anticipating receipt of ***the broadcast unidirectional wireless data record having the application context identifier data in response*** to a user activating the location based application with the user interface of the receiving user carried mobile data processing system…

Dkt. 1-4 ('011 Patent at col. 449, l. 33- col. 450, l. 15 (emphases added)).

Nothing therein requires additional steps or actors.  In fact, Courts have found that these types of characterizations do not pose divided-infringement concerns. For example, in *Summit 6*, the court considered construction of the following claim:

> pre-processing said digital content at said client device in accordance with one or more pre-processing parameters, said one or more pre-processing parameters ***being provided to*** said client device from a device separate from said client device . . .

802 F.3d at 1291 (emphasis added). The Court found that "being provided to" the client device is "not used as a verb . . . but instead part of a phrase that conveys information about the 'pre-processing parameters . . . This is ___*not a step*___ in the claimed method. It is instead, a phrase that ___*characterizes*___ the claimed pre-processing parameters." *Id.* at 1291 (emphasis added). Like *Summit 6*, Defendant's selective reference to "in response to user activating the location based application" (Dkt. 19 at p. 1) is nothing more than a characterization within the "periodically beaconing" step.

The outcome was the same in *Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667, 682–83 (D. Del. 2017), where the claim at issue involved:

> **generating a screen display** at a respective reception system for a requested application, the screen display being generated by the respective reception system from data objects having a prescribed data structure, at least some of which objects may be stored at the respective reception system, the screen display including a plurality of partitions, the partitions being constructed from objects, the objects being retrieved from the objects stored at the respective reception system, or **if unavailable from the objects stored at the respective reception system, then from the network, such that at least some of the objects may be used in more than one application**

*Id.* at 682 (D. Del. 2017) (emphases added). The court found that: "each of the emphasized claim limitations merely describes the characteristics of the screen display. The only method step is 'generating a screen display.' The remaining limitations are not used as verbs and only refer back to the claimed screen display." *Id.* at 682. Similar to *Int'l Bus. Machines*, the limitations cited by Defendant here are not used as verbs but merely characterizations of the periodically beaconing step.

The same characterization issue was also addressed in *Integra LifeSciences Corp. v. HyperBranch Medical*, 2018 WL 1737781, at *2 (D. Del. Apr. 10, 2018). There, the claim involved:

> A method for formulating a polymer composition that crosslinks to form a hydrogel, the method comprising **selecting a concentration of visualization agent** for the polymer composition such that the visualization agent causes a visually observable change that indicates that a crosslinked hydrogel having a predetermined thickness has been formed on the tissue of a patient wherein the polymer composition comprises electrophilic functional groups and nucleophilic functional groups that crosslink to each other.

*Id.* at *2. The *Integra* Court held that the claim did not involve multiple steps:

> The only method step of claim 16 (and of claim 20) is 'selecting' the visualization agent. The other limitations—i.e., that the visualization agent 'causes a visually observable change' and that the visually observable change 'indicates that a crosslinked hydrogel having a predetermined thickness has been formed on the tissue of a patient'—are not steps in the asserted method but, instead are characteristics of the visualization agent that is selected. . . . For one to infringe the method of claim 16 (or claim 20), the alleged infringer need 'select[] a concentration of visualization agent' that has the above listed characteristics.

*Id*.

 *Integra* is therefore another example where the claim included a characterization of a third-party element (e.g. "has been formed on the tissue of a patient") which was not considered a separate step in the method claim. *Id.* ("[T]he alleged infringer need not actually apply the hydrogel to a patient's tissue and look for an observable change.").

 In contrast to the foregoing well-reasoned authorities, Defendant cites absolutely no authority in support of its conclusory divided infringement argument. Accordingly, the Court should reject Defendant's divided infringement argument on the merits.

**II.** **BillJCo's Complaint Adequately Alleges Indirect Infringement.**

 Defendant next argues that the Court should dismiss BillJCo's claims for indirect infringement of the '011 patent because the Complaint fails to allege a plausible claim of direct infringement of the '011 patent. While Defendant is correct that claims for indirect infringement

9

require a plaintiff to show underlying direct infringement, BillJCo's Complaint plausibly alleges direct infringement for the reasons set forth above. Accordingly, the Court should not dismiss the claim for indirect infringement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (reversing the district court's dismissal of the plaintiff's indirect infringement claim when, on appeal, the court found that the claim sufficiently alleged direct infringement); *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.),* 681 F.3d 1323, 1334 (Fed. Cir. 2012).

## **CONCLUSION**

For the reasons stated, the Court should deny Defendant's motion to dismiss.


Dated: August 16, 2021                    Respectfully submitted,

                                          */s/ Brian Michalek*
                                          Brian R. Michalek (*pro hac vice* granted)
                                          Casey Grabenstein (*pro hac vice* granted)
                                          Brian Landry (*pro hac vice* granted)
                                          Erin Westbrook (*pro hac vice* granted)
                                          brian.michalek@saul.com
                                          casey.grabenstein@saul.com
                                          brian.landry@saul.com
                                          erin.westbrook@saul.com
                                          **Saul Ewing Arnstein & Lehr LLP**
                                          161 N. Clark St., Suite 4200
                                          Chicago, IL 60601
                                          Telephone: 312-876-7100
                                          Facsimile: 312-876-0288

                                          *Of Counsel:*

                                          Claire Abernathy Henry
                                          Texas State Bar No. 24053063
                                          E-mail: claire@wsfirm.com
                                          Andrea L. Fair
                                          Texas State Bar No. 24078488
                                          E-mail: andrea@wsfirm.com
                                          **WARD, SMITH & HILL, PLLC**

10

38865828.1

1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**Attorneys for Plaintiff BillJCo, LLC**

38865828.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **August 16, 2021** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<em><u>/s/Brian R. Michalek</u></em>

12

38865828.1