IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BillJCo, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>Cisco Systems, Inc.,<br><br>       Defendant. | Case No. 2:21-cv-181<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
COUNT II OF COMPLAINT**

This motion does not depend on construction of the claims. This motion, instead, turns on one factual question: Does BillJCo base its '011 patent infringement allegation on purported actions of both Cisco and unrelated third party users of mobile phones? A quick look at the '011 patent claim chart attached to the complaint shows that this is exactly what BillJCo has done.

The '011 patent claim chart attached to the complaint is only six pages long. Half of those pages are devoted to activities purportedly performed by a "location-based application" on a third party's mobile phone. In the marked-up reproductions of the six claim chart pages below, activities purportedly performed by Cisco Access Points are highlighted in magenta and activities purportedly performed by a "location-based application" are highlighted in blue.






 

Dkt. 1-8 at 1-6.

If the asserted claim really only recited "a single step from a single actor" as BillJCo alleges, Dkt. 23 at 1, there would be no need for BillJCo's claim chart to say *anything* about what an application running on a "receiving data processing system" is purportedly doing. Yet BillJCo spends half of its claim chart discussing the purported actions of third party mobile phone applications. This confirms that BillJCo's infringement allegation is directed to actions of both the Cisco Access Points (the purported "sending data processing system" in the claim) and third party mobile phones (the "receiving data processing system" in the claim).

The fact that the claim recites steps for both the sending data processing system and the receiving data processing system is also clear from a cursory glance at asserted claim 11, which recites the receiving data processing system or an application running on the receiving data processing system performing several steps (i.e., *verbs*): "the receiving user carried mobile data processing system *determining* … ," "the receiving user carried mobile data processing system *anticipating* receipt … ," "the location based application: *invokes* a location based API … ," "the location based application: … *presents* the location based content …." Dkt. 1-2 at 449:33-450:15. Resolution of this motion does not turn on the construction of verbs like "determining,"

2

"anticipating," "invoking," or "presenting," rather it turns on the fact that BillJCo's infringement allegations point to end user mobile phones and applications running on end user mobile phones as purportedly satisfying those steps.

If nothing else, the fact that BillJCo's chart breaks up the elements into separate rows according to the indentation of the claim in the printed patent alone shows that this is not a "single step" claim as BillJCo now alleges. In particular, the printed claim indents the recitations that the location based application "invokes" and "presents" as separate elements.

> wherein the location based application:
> invokes a location based API of the receiving user carried mobile data processing system for the location based configuration anticipating the receipt of the broadcast unidirectional wireless data record having the application context identifier data,
>
> * * *
>
> presents the location based content to the user interface of the receiving user carried mobile data processing system, the location based content originating from another data processing system that is remote to both the sending data processing system and the receiving user carried mobile data processing system.

Dkt. 1-2 at 449:65-450:4, 450:9-15. And, as parties routinely do for separately recited steps of a method claims, BillJCo splits these indented elements out as separate rows of its claim chart and only cites evidence of purported actions of mobile phone applications to allege infringement of these elements. Dkt. 1-8 at 5-6.

The final fact confirming that BillJCo has asserted that infringement of the '011 patent claims requires different parties to perform different steps is BillJCo's refusal of Cisco's offer to

withdraw the present motion if BillJCo would stipulate that the other two similarly worded independent claims of the '011 patent recite steps or operations performed by a single actor.

> Based on the claim chart attached to BillJCo's complaint, we had understood BillJCo's claim mapping to require both a sending data processing system and a receiving data processing system to perform independent steps of the claim. But now having reviewed BillJCo's opposition to Cisco's motion to dismiss, we now understand that BillJCo's references to actions of mobile phones were only offered to characterize the type of messages purportedly sent by Cisco's accused instrumentalities. Under the view of the claim scope set out in BillJCo's opposition brief, Cisco believes the claims are invalid under 35 U.S.C. § 102 and § 103 and welcomes the chance to litigate invalidity under BillJCo's view of the claim scope in EDTX or the PTAB. Accordingly, Cisco is prepared to withdraw its motion to dismiss if BillJCo will provide a stipulation that the statements in its brief regarding claim 11 also apply to claims 1 and 20, which contain similar phrasing.

Exhibit 1; Exhibit 2 (BillJCo's refusal of Cisco's offer).

And, finally, all of the decisions denying a motion to dismiss cited in BillJCo's opposition brief have different facts. In each cited decision, the motions to dismiss were based upon the accused infringers' constructions that the claims necessarily required multiple actors. *Actus, LLC v. Bank of Am. Corp.*, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010) ("The pending motion asks [for] a construction that the claims can only be performed by multiple actors"); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 695 F. Supp. 2d 680, 683 (S.D. Ohio 2010) ("Defendants also argue that the method … requires performance by more than one entity"); *Yangaroo Inc. v. Destiny Media Techs. Inc.*, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009) ("[Defendant] asserts that the second step of the five-step method … requires action by a third party"); *H-W Tech., L.C. v. Apple, Inc.*, 2013 WL 12124025, at *5 (N.D. Tex. May 28, 2013) ("Defendants argue that [the] method claim … requires performance by at least two distinct parties"). That is, in all of these decisions, the accused infringers were arguing about what the patentee *should have done* when alleging infringement. This motion is

4

different. This motion is about what the patentee *has already done* when alleging infringement. The present motion does not turn upon a construction that the claims require steps by different parties, but rather upon the fact that plaintiff has already asserted that different actors performed different steps of the claim.

Given the fact that BillJCo alleges that different parties perform different steps of the claimed method, this is a divided infringement case. BillJCo does not dispute that it has not pleaded the necessary "direction or control" or "joint enterprise" elements of a divided infringement allegation. *See generally* Dkt. 23. Thus, BillJCo has failed to set out a direct infringement case for the '011 patent. BillJCo also does not dispute that the failure to set out a direct infringement case also requires dismissal of indirect infringement allegations. Dkt. 23 at 9-10. Accordingly, Count II of the complaint should be dismissed for failure to state a plausible claim to relief.

Dated: August 24, 2021

By: /s/ *K. Padmanabhan*
K. Padmanabhan
kpadmanabhan@winston.com
Winston & Strawn LLP
200 Park Ave.
New York City, NY 10166
Tel: (212) 294-6700

Louis Campbell
llcampbell@winston.com
Winston & Strawn LLP
275 Middlefield Road #205
Menlo Park, CA 94025
Tel: (415) 810-6570

Saranya Raghavan
Sraghavan@winston.com
35 W Wacker Dr.
Chicago, IL 60601
Tel: (312) 576-4559

        Melissa R. Smith
        GILLAM & SMITH, LLP
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        Email: melissa@gillamsmithlaw.com

***Attorneys for Defendant,***
 ***Cisco Systems, Inc***

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of August 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

                                                  */s/ Melissa R. Smith*
                                                  Melissa R. Smith