# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BILLJCO, LLC | ) | |
| | ) | CASE NO: 2:21-cv-00181-JRG |
| v. | ) | (Lead Case) |
| | ) | |
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| BILLJCO, LLC | ) | |
| | ) | |
| v. | ) | CASE NO: 2:21-cv-00183-JRG |
| | ) | (Member Case) |
| HEWLETT PACKARD ENTERPRISE | ) | |
| COMPANY, ARUBA NETWORKS, INC. | ) | |
| | ) | |
| | ) | |

**BILLJCO, LLC'S SURREPLY IN OPPOSITION TO
CISCO SYSTEMS, INC.'S MOTION TO DISMISS**

1

## **INTRODUCTION**

The second sentence of Cisco's reply brief concedes that its motion to dismiss involves questions of fact that the Court cannot resolve at the pleading stage. According to Cisco: "This motion, instead, turns on one ***factual*** question: Does BillJCo base its '011 patent infringement allegation on purported actions of both Cisco and unrelated third party users of mobile phones?" Dkt. 24 at p. 1 (emphasis added). This concession is consistent with BillJCo's opposition brief, which explained that not only is Cisco's divided infringement argument wrong but it is premature to the extent it will turn on both fact-intensive determinations and claim construction.

Cisco also elevates form over substance in its reply brief. Cisco focuses on the spacing, length, and indentations in BillJCo's patent when arguing for divided infringement. But those superficial points have nothing do with any substantive whether the patent actually implicates divided infringement in practice. Cisco therefore does not address BillJCo's fundamental point that the patent only recites a single step performed by a single actor: "*periodically beaconing* outbound a broadcast unidirectional wireless data record from at least one sending data processing system...." Dkt. 1-4 ('011 Patent at col. 449, l. 33-col. 450, l. 15).

Finally, Cisco concedes on page four of its reply brief that its motion is meritless. Specifically, Cisco's counsel sent an email admitting that Cisco was "prepared to ***withdraw*** its motion to dismiss" after BillJCo filed its opposition brief. This email is, of course, outside the four corners of the complaint, not included in Cisco's opening brief, and has no relevance to the merits of a motion to dismiss. Even if it could be considered, it is not clear why Cisco is offering this email, which shows that Cisco had misunderstood BillJCo's allegations, believes its motion fails, and was prepared to withdraw its motion to dismiss. To the extent Cisco does not follow through on its proposal to withdraw its motion, the Court should deny it.

## ARGUMENT

**I.      The Questions Of Fact Raised By Cisco Cannot Be Resolved At The Pleading Stage.**

Cisco is correct that the case "turns on [a] *factual* question." Dkt. 24 at p. 1 (emphasis added). In fact, it will turn on multiple factual questions, including the following issues identified in Cisco's reply brief:

- "A quick look at the '011 patent claim chart…" allegedly resolves this "one **factual question**." Dkt. 24 at p. 1.

- "**The fact that** the claim recites steps for both the sending data processing system and the receiving data processing system is also clear from a cursory glance…" Dkt. 24 at p. 2.[1]

- "Resolution of this motion…**turns on the fact** that BillJCo's infringement allegations point to end user mobile phones and applications…" Dkt. 24 at pp. 2-3.

- If nothing else, **the fact that** BillJCo's chart breaks up the elements into separate rows according to the indentation of the claim in the printed patent alone shows that this is not a 'single step' claim as BillJCo now alleges." Dkt. 24 at p. 3.

- "The **final fact** [allegedly] confirming…" Cisco's argument. Dkt. 24 at p. 3.

But those questions cannot be resolved today. On a motion to dismiss, the Court "reviews the pleadings to determine whether the plaintiff has given the defendant notice of 'grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level.'" *Actus, LLC v. Bank of Am. Corp.*, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court cannot resolve questions of fact at this stage of the dispute.

---

[1] BillJCo disagrees with this alleged "fact" and others as set forth in BillJCo's opposition; there is only a single step and single actor. That Cisco makes this argument and asks the Court to make a factual determination makes clear that its motion is not proper under Rule 12(b)(6).

3

*Id.* That is why Cisco is unable to cite a single case showing that the Court should dive into the facts of its divided infringement claim at the motion to dismiss stage.

Cisco also fails to explain why the Court should leapfrog the claim construction stage of this case. As BillJCo explained in its opposing brief, courts routinely deny motions to dismiss that call for a premature claim construction. Dkt. 23 at pp. 4-5. Cisco attempts to distinguish those cases on the grounds that they involved the infringer's construction of the claims. Dkt. 24 at p. 4. But that is exactly what is at issue here. The parties disagree on how the claims should be construed, and Cisco is advocating for their construction. This disagreement only further confirms that bypassing claim construction is improper.

## II. Cisco's Focus On Spacing And Indentions Elevates Form Over Substance.

Even if the Court were to consider Cisco's arguments at this early stage, the Court should reject them because they elevate form over substance. Cisco focuses entirely on the indentions, spacing, and length of the claims at issue. For example, Cisco argues that BillJCo "spends half of its claim chart discussing the purported actions of third party mobile phone applications." Dkt. 24 at p. 2. Cisco then argues that "the fact that BillJCo's chart breaks up the elements into separate rows according to the indentation of the claim in the printed patent alone shows that this is not a 'single step' claim as BillJCo now alleges." *Id.* at p. 3.

These structural arguments are meaningless. Whether this case implicates divided infringement will turn on the details of the patent at issue and a substantive analysis of the claims, specification, and file history—not the length or spacing of the claims.[2] Cisco's superficial

---

[2] Cisco argues that BillJCo's mere reference to a third-party "receiving data processing system" in its claim chart automatically means there is divided infringement. Dkt. 24 at p. 2. This, of course, is not true. Cisco conflates evidence needed to demonstrate infringement with a claim construction analysis–neither of which are appropriate considerations at the motion to dismiss

4

38919751.3

arguments therefore fail to address the meat of BillJCo's argument that certain aspects of claim 11 constitute mere characterizations of the type of broadcast unidirectional wireless data record that is periodically beaconed. *See, e.g.*, *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) (holding that certain phrases simply convey information or characterize parts of the claim rather than amounting to a step in the claim).

### III. The Emails Attached To Cisco's Reply Change Nothing.

In its reply brief, Cisco cites and attaches correspondence between counsel for Cisco and BillJCo for the first time. This is procedurally improper. Cisco cannot make new arguments or legal theories in a reply brief for the first time. *See, e.g.*, *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2020 WL 1324733, at *8 (E.D. Tex. Mar. 20, 2020) ("Arguments raised for the first time in a reply brief are waived."). In addition, the Court cannot consider evidence and correspondence outside of the four corners of a complaint when resolving a motion to dismiss. *See, e.g.*, *Satterthwaite v. First Bank Mortg., N.A.*, 2019 WL 2527358, at *3 (E.D. Tex. June 4, 2019), *report and recommendation adopted*, 2019 WL 2524833 (E.D. Tex. June 19, 2019) ("[W]hen considering a motion to dismiss, the court's review is limited to the face of the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."); *see also Joseph v. Walmart, Inc.*, 2020 WL 7061873, at *2 (S.D. Tex. Nov. 17, 2020), *report and recommendation adopted*, 2020 WL 7059841 (S.D. Tex. Dec. 2, 2020) (declining to consider emails between counsel from after the litigation began on a motion to dismiss).

---

stage. Indeed, BillJCo can meet its evidentiary infringement burden in a variety of different ways including through reliance on third party sources.

5

38919751.3

Even if the Court were to consider the emails cited in Cisco's reply brief, they only confirm that Cisco's motion is meritless. The August 19, 2021 email states that: "having reviewed BillJCo's opposition to Cisco's motion to dismiss, we now understand that BillJCo's references to actions of mobile phones were only offered to characterize the type of messages purportedly sent by Cisco's accused instrumentalities." Dkt. 24-1. Based on this understanding, Cisco said that it was "prepared to withdraw its motion to dismiss" but then it wanted BillJCo to prematurely stipulate to construction of other claims not at issue in Cisco's brief. *See id.*

That Cisco was willing to withdraw its motion to dismiss demonstrates that it is meritless. That BillJCo was not willing to agree to Cisco's proposed stipulation does not change the result. To the extent Cisco is not willing to follow through on its proposal to withdraw its motion, the Court should deny it.

## CONCLUSION

For these reasons and the reasons stated in BillJCo's response to Cisco's motion to dismiss, the Court should deny Cisco's motion.

Dated: August 31, 2021                                   Respectfully submitted,

                                                       */s/ Brian Michalek*
                                                      Brian R. Michalek (*pro hac vice* granted)
                                                      Casey Grabenstein (*pro hac vice* granted)
                                                      Brian Landry (*pro hac vice* granted)
                                                      Erin Westbrook (*pro hac vice* granted)
                                                      brian.michalek@saul.com
                                                      casey.grabenstein@saul.com
                                                      brian.landry@saul.com
                                                      erin.westbrook@saul.com
                                                      **Saul Ewing Arnstein & Lehr LLP**
                                                      161 N. Clark St., Suite 4200
                                                      Chicago, IL 60601
                                                      Telephone: 312-876-7100
                                                      Facsimile: 312-876-0288

                                                      *Of Counsel:*

38919751.3

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**Attorneys for Plaintiff BillJCo, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **August 31, 2021** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/Brian R. Michalek*