# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BILLJCO, LLC | ) |
| | ) CASE NO: 2:21-cv-00181-JRG |
| v. | )          (Lead Case) |
| | ) |
| CISCO SYSTEMS, INC. | ) |
| | ) |
| | ) |
| BILLJCO, LLC | ) |
| | ) |
| v. | ) CASE NO: 2:21-cv-00183-JRG |
| | )          (Member Case) |
| HEWLETT PACKARD ENTERPRISE | ) |
| COMPANY, ARUBA NETWORKS, INC. | ) |
| | ) |
| | ) |

**BILLJCO, LLC'S SURREPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Defendants' reply brief continues to try to box BillJCo into a "standards compliance" theory of liability. This, however, flatly ignores the actual pleadings in BillJCo's Complaint, which includes specific allegations of direct infringement substantiated by Defendants' own literature and product evidence. Defendants motion fails for this reason alone. Even if BillJCo were alleging infringement solely through standards compliance (it is not), Defendants' motion would still fail as the Complaint properly alleges Defendants' compliance with and implementations of the standard. The summary judgment cases cited by Defendants do not change that result.

As to Defendants' divided infringement argument, their reply brief only demonstrates their seeking of premature claim construction. Defendants spend two pages of their reply parsing the patents, bolding certain terms and phrases, and advocating for their interpretation of them. This type of claim construction is improper at the pleading stage, and again, Defendants cite no cases decided on a motion to dismiss establishing otherwise.

Even if the Court were to leapfrog claim construction and weigh the parties competing constructions now, there is no issue of divided infringement. Defendants' reply brief constructs a new so-called "second step" of the claim which is nothing more than the user's act of ***turning on*** an application configured to listen for the message at issue. But as shown in BillJCo's response brief, this is not a separate claim step but simply a characterization of the destination of the transmitted data. If Defendants' parsing of the patent language were correct, potential defendants could avoid liability for patents involving transmissions from radios or electronic devices by simply arguing the patent involves a second step of turning on the receiving device. That result would defy reason.

Finally, Defendants argue in conclusory fashion regarding BillJCo's contributory and pre-suit knowledge allegations. BillJCo's complaint is replete with allegations, which viewed in the light most favorable to BillJCo, adequately plead its claims. This Court should deny Defendants' motion.[1]

## ARGUMENT

I.  **There Are No Grounds to Dismiss BillJCo's Complaint Based on Defendants' Strawman Standard Compliance Argument.**

Defendants' standards compliance reply brief is a strawman—they push forward a legal theory surrounding standards compliance, argue the pleadings do not meet this theory, and then use those grounds to ask the Court to dismiss the Complaint. But the Court does not need to address this strawman because Defendants have no answer for BillJCo's allegations that specifically allege direct infringement based on Defendants' own product literature and evidence. *See, e.g.*, Dkt. 1 at ¶¶ 40, Ex. D; Dkt. 24 at pp. 5-8. For example, BillJCo includes the following allegations demonstrating Defendants' infringing conduct based on its own product literature and evidence:

| HPE/Aruba Evidence | Complaint Citation |
|---|---|
| **BLE DATA PACKETS**<br><br>Every Aruba Beacon ID is 20 bytes long and contains three values:<br>• ProximityUUID: Universally Unique Identifier shared among related beacons<br>• Major number: 16-bit integer value<br>• Minor number: 16-bit integer value | Ex. D at 1, 3, 5, & 8<br>Ex. E at 2, 4, & 5<br>Ex. F at 1 |

---

[1] Defendants' only remaining argument is that BillJCo has failed to plead indirect infringement since BillJCo underlying claim for direct infringement fails. For the reasons stated in its opposition (Dkt. 24) and sections I and II of this brief, BillJCo has adequately pleaded direct infringement and thus satisfied this predicate for indirect infringement.

| | |
|---|---|
| https://www.arubanetworks.com/products/location-services/beacons-tags/beacons/ | |
| **KEY FEATURES**<br><br>Broadcast data packets based on Bluetooth LE® (4.0)<br><br>Compatible with all Bluetooth 4.0 (BLE) devices<br><br>Compatible with Apple iBeacon™ standard<br><br>Configurable parameters<br>• Device name<br>• Transmission power level for proximity beacons<br><br>https://www.arubanetworks.com/products/location-services/beacons-tags/beacons/ | Ex. D at 2, 4, 5, & 8<br><br>Ex. E at 2, 6<br><br>Ex. F at 2, 3 |
| **RANGE**<br><br>Aruba Beacon signals can be read from as far away as 200 feet, and proxim[ity] detected down to a few inches away.<br><br>Maximum signal range depends on the physical environment.<br><br>Aruba Beacons operate on the same type of radio waves as 2.4-GHz Wi-Fi r[adios. As a] result, the signal can be diffracted, interfered or absorbed by materials in t[he area] such as metal, wood or water.<br><br>https://www.arubanetworks.com/products/location-services/beacons-tags/beacons/ | Ex. D at 6 |
| "These small, low-power wireless transmitters broadcast radio signals at regular intervals that can be heard and interpreted by iOS and Android devices equipped with Meridian-powered mobile apps from Aruba and our Meridian Engage app development partners."<br><br>https://www.arubanetworks.com/products/location-services/beacons-tags/beacons/ | Ex. D at 7<br><br>Ex. E at 2<br><br>Ex. F at 2 |

| | |
|---|---|
|  https://community.arubanetworks.com/technical-product-details/location-services/aruba-beacons | Ex. E at 1<br>Ex. F at 1 |
|  https://www.arubanetworks.com/assets/so/SO_MobileEngagement.pdf | Ex. E at 9 |

Defendants have no response to this. Indeed, BillJCo is not required to allege more at this point. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1352 (Fed. Cir. 2021) ("[A] plaintiff need not prove its case at the pleading stage. . . . A plaintiff is not required to plead infringement on an element-by-element basis.") (citations and quotations omitted).

Even if BillJCo were only alleging infringement through standards compliance, its Complaint easily meets the threshold. In their reply brief, Defendants argue that BillJCo has not alleged enough to "tie" its products to the iBeacon standard (Dkt. 25 at p. 2), and suggests that BillJCo only alleges that Defendants' products are "compatible" with the iBeacon standard. *Id.* This, however, does not tell the full story. BillJCo specifically alleges that Defendants' products ***comply*** with the iBeacon standard and ***implement*** it. For example, BillJCo alleges that Defendants' products operate "in compliance with beacon standards and specifications." Dkt. 1 at ¶ 27. BillJCo then alleges that Defendants' products "implement certain features of different beacon specifications and protocols including the iBeacon standard." *Id.* at ¶ 29. BillJCo then goes further to identify which portions of the iBeacon standard are at issue. *See, e.g.* Dkt. 1-7, p. 4 (Allegations showing Defendants compliance with "iBeacon data" packet format). Accordingly, even if BillJCo were only proceeding on a standards compliance theory, the pleading requirements are met.

To be sure, Defendants' reply brief also fails to identify any cases dismissing a claim for failure to allege standards compliance at the pleading stage. Defendants instead continue to rely on the summary judgment decision in *Fujitsu Ltd. v. Netgear Inc.*, 620 F. 3d 1321, 1328 (Fed. Cir.

2010). The lack of supporting case law is understandable since determining issues of standards compliance require a detailed factual analysis that is improper at the motion to dismiss stage.[2]

## II. The Court Should Reject Defendants' Divided Infringement Arguments.

### A. Defendants Reply Brief Shows That Its Divided Infringement Theory Seeks Premature Claim Construction.

BillJCo demonstrated in its response brief that Defendants' divided infringement argument seeks a premature claim construction of the '011 Patent. The Defendants' reply brief does not really dispute that point and instead spends two pages walking through the Defendants' interpretation of the meanings of various words in the patents at issue. Dkt. 25 at p 4. Defendants' parsing of the text only further confirms that Defendants are asking the Court to engage in claim construction now.

Even the cases cited by Defendants show that their attempt to engage in claim construction is premature. Each case was decided at the summary judgment stage. *See Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F. 3d 1279, 1286 (Fed. Cir. 2011); *Int'l Bus. Machines Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 680 (Fed. Cir. 2019).

As with their standards compliance argument, Defendants fail to cite any relevant joint infringement cases decided on a motion to dismiss. That is because Defendants' arguments are premature.

### B. There Is No Divided Infringement.

Defendants' reply brief serves to underscore the fact that it needs the Court to prematurely interpret the claim language to succeed on its motion. In particular, BillJCo's opposition brief

---

[2] Defendants reply brief suggests BillJCo needs to plead specificity with respect to "optional" sections of the standard. Dkt. 25 at p. 2. There is no such pleading requirement which would, of course, be a highly factual inquiry which would fall outside the scope of a motion to dismiss.

identified several cases confirming there could be no divided infringement based on Defendants' theory. Dkt. 24 at pp. 14-17. Defendants' attempt to distinguish these cases misses the mark. In particular, Defendants claims these cases do not apply because they "do not require the action of an end user to practice each and every claim element." Dkt. 25 at p. 6. This is clearly not the case. The claim at issue in *Summit 6, LLC v. Samsung Elecs. Co*. involved "being provided to said client device from a ***device separate from said client device***." 802 F. 3d 1283, 1291 (Fed. Cir. 2015) (emphasis added). Clearly, a device separate from said client device (*e.g.* another device/user) was at issue.

*Int'l Bus. Machines Corp. v. Priceline Grp. Inc.* is no different in that the claim required that when retrieving objects: "if unavailable from the objects stored at the respective reception system, ***then from the network***." 271 F. Supp. 3d 667, 682 (D. Del. 2017). So to here, this claim dealt with a third party device/entity.

Defendants simply cannot make any meaningful distinction of these cases. Rather, like *Int'l Bus. Machines* and *Summit 6*, claim 11 characterizes a "receiving user carried mobile data processing system" but does not require the end user to be an actor to complete the single step of "periodically beaconing outbound a broadcast unidirectional wireless data record from at least one sending data processing system."[3]

Next, Defendants transform their joint infringement argument into an "inconsistent" pleading argument. This also fails. Specifically, Defendants cite *Bot M8 LLC v. Sony Corp. of Am.*,

---

[3] Defendants argument only underscores its attempt at premature claim construction. They argue that "the claim limitations (and Plaintiff's claim chart mapping) explicitly require the action of a user, *separate* from the steps performed by the 'sending data processing system,' in order to activate location based services as required by the claim." Dkt. 25 at p. 6. But as BillJCo explained in its opposition brief, it disagrees with this construction and argues that this and other aspects of claim 11 are merely characterizations of a single step. *See* Dkt. 24 at pp. 14-16.

38921301.4         8

4 F.4th 1342, 1354 (Fed. Cir. 2021)—which is not a joint infringement case—for the proposition that "a patentee may subject its claims to early dismissal by pleading facts that are inconsistent with the requirements of its claims." *Id.* The problem in *Bot M8 LLC* was that the patent claim at issue indisputably required two components to be stored on the same board, and that board must be separate from the motherboard in a gaming system. *Id.* The dismissal occurred because plaintiff contradictorily alleged that at least one of the components *was* in the motherboard. *Id*. Accordingly, the court dismissed the complaint for that reason. *See id.*

Nothing in the BillJCo Complaint are inconsistent or contradictory. Defendants argue that BillJCo's mere reference to a third-party "action of a user" (Dkt. 25 at p. 6) in its claim chart automatically means there is some type of inconsistency. Dkt. 25 at p. 4. This, of course, is not true. Defendants' argument is rather a conflation of the evidence needed to demonstrate infringement with a claim construction analysis– neither of which are appropriate considerations at the motion to dismiss stage. Indeed, BillJCo can meet its evidentiary infringement burden in a variety of different ways including through reliance on third party sources.

### III. **BillJCo Adequately Pleaded Contributory Infringement.**

Defendants argue in conclusory fashion that BillJCo's allegations as to contributory infringement are conclusory and generic. *See* Dkt. 25 at p. 8. "Contributory infringement may be shown by demonstrating that an entire accused product has no substantial noninfringing uses" or by "by demonstrating that a specific component of that accused produced has no substantial noninfringing uses." *Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 829 (E. D. Tex. 2019). Defendants' argument ignores the detail BillJCo goes into describing the technology at issue and Defendants' infringement in the Complaint and accompanying claim charts. *See* Dkt. 1 at ¶¶ 18-20; 27-30; *see also* Dkt. 1-7–1-9. Defendants also ignore that BillJCo specifically identified certain

of Defendants' products as Accused Infringing Instrumentalities. *See* Dkt. 1 at ¶ 27. Along with BillJCo's allegations, claim charts further establish no substantial noninfringing use. *See* Dkt. 1 at ¶ 35; Dkt. 1-7–1-9. BillJCo's pleadings go well beyond what the court found lacking in *Core Wireless Licensing S. A. R. L. v. Apple Inc.,* where the plaintiff failed to "identify the general functionality of the respective patents, the hardware and/or software components it accuses, or how those components are material and especially adapted for infringement." 2015 WL 5000397, at *5 (E. D. Tex. June 3, 2015), *report and recommendation adopted*, 2015 WL 13885437 (E. D. Tex. July 15, 2015). The Court should reject Defendants' conclusory allegations to the contrary and deny their motion to dismiss.

**IV.     BillJCo Adequately Pleaded Notice.**

Defendants argue that "BillJCo has conceded it is seeking only post-suit liability." Dkt. 25 at p. 9. But BillJCo's opposition brief does not concede any such thing. BillJCo has alleged knowledge and/or willful blindness as to each of the Patents-in-Suit—applicable to both pre- and post-suit knowledge. *See, e g.*, Dkt. 1 at ¶¶ 36, 45, 55, 65.

## CONCLUSION

For all of the foregoing reasons and the reasons stated in BillJCo's opposition brief (Dkt. 24), the Court should deny Defendants' motion to dismiss.

Dated: August 31, 2021                               Respectfully submitted,

/s/ *Brian Michalek*
Brian R. Michalek (*pro hac vice* granted)
Casey Grabenstein (*pro hac vice* granted)
Brian Landry (*pro hac vice* granted)
Erin Westbrook (*pro hac vice* granted)
brian.michalek@saul.com
casey.grabenstein@saul.com
brian.landry@saul.com
erin.westbrook@saul.com
**Saul Ewing Arnstein & Lehr LLP**

161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: 312-876-7100
Facsimile: 312-876-0288

*Of Counsel:*

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**Attorneys for Plaintiff BillJCo, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **August 31, 2021** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/Brian R. Michalek*
