IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BILLJCO, LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>      *Defendant*. | § § § § § § § § § § § § | CIVIL ACTION NO.  2:21-CV-00181-JRG<br>(LEAD CASE) |

| | | |
|---|---|---|
| v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY, ARUBA NETWORKS, INC.,<br>ARUBA NETWORKS, LLC<br><br>      *Defendants*. | § § § § § § § § | CIVIL ACTION NO.  2:21-CV-00183-JRG<br>(MEMBER CASE) |

## **ORDER**

Before the Court is Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC's (together, "Defendants"[1]) Motion to Dismiss (the "Motion"). (Dkt. No. 21). In the Motion, Defendants move this Court to dismiss Plaintiff BillJCo LLC's ("BillJCo" or "Plaintiff") Complaint on the grounds that BillJCo's allegations as to direct infringement, indirect (i.e., induced and contributory infringement), and willful infringement fail to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Having considered the Motion, the subsequent

---

[1] In the Motion, Defendants inform the Court that the named Defendant Aruba Networks, Inc. no longer exists as it was converted from a corporation to a limited liability company prior to the filing of the Complaint in the above-captioned matter. (Dkt. No. 21 at 1).

briefing, and for the reasons stated herein, the Court is of the opinion that the Motion should be

**DENIED**.

## I.      BACKGROUND

BillJCo filed this lawsuit against Defendants on May 25, 2021 alleging infringement of United States Patent Nos. 8,671,804 (the "'804 Patent"), 10,292,011 (the "'011 Patent"), and 10,477,994 (the "'994 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 at ¶ 2). The Asserted Patents generally relate to Bluetooth Low Energy ("BLE") beacon technology. (*Id.* at ¶¶ 18–20). BillJCo accuses Aruba 300, 310, 320, and 330 series Access Points, Aruba Beacons, Aruba USB Beacons, and Aruba Event Beacons (collectively, the "Accused Products" or "Accused Infringing Instrumentalities") of infringing the Asserted Patents. (*Id.* at 27). On August 2, 2021, Defendants moved to dismiss BillJCo's Complaint on the grounds that BillJCo failed to meet the pleading standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.     LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court

accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more. *Disk Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## III.    DISCUSSION

Defendants address BillJCo's allegations of direct infringement, then indirect infringement, and finally willful infringement. The Court considers each argument in turn.

### A.    The Complaint States a Claim for Direct Infringement

Defendants assert two arguments against BillJCo's allegations of direct infringement—the first directed at all Asserted Patents and the second directed at only the '011 Patent. For the reasons stated below, the Court finds that the Defendants' Motion should be **DENIED** with respect to the Plaintiff's direct infringement claims.

> i.  *Alleged Infringement Based on Standards Compliance*

Defendants first argue that BillJCo's Complaint fails to state a claim for infringement of all Asserted Patents based on the Accused Products' compliance with BLE or iBeacon standards. (Dkt. No. 21 at 5–7). According to Defendants, the Complaint merely "maps various alleged requirements of industry standards against the elements of the asserted claims, without any citation to any technical specification, and connects this to the Accused Products" by asserting that the Accused Products are standard compliant. (*Id.*) (citing Dkt. No. 1-7, 1-8, 1-9). Defendants argue that BillJCo was required to "identif[y] [a] common element between the [BLE or iBeacon] Standard and the asserted claims" or explain how the Accused Products infringe by complying with the BLE or iBeacon standards, yet BillJCo failed to do so. (*Id.* at 6–7) (citing *Stragent, LLC v. BMW of N. Am., LLC*, 2017 WL 2821697, at *5 (E.D. Tex. Mar. 3, 2017)). Defendants assert that "open standards" like BLE and iBeacon have various sections that may be optional, and BillJCo has failed to "compare the claims to the accused products or, if appropriate, prove that the accused products implement any relevant optional sections of the standard." (*Id.* at 5–6) (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010)).

BillJCo responds that its Complaint does not allege infringement based solely on standards compliance as contemplated by *Fujitsu*. (Dkt. No. 24 at 5). Rather, BillJCo argues that the Complaint directly compares Defendants' products to the asserted claims and does not merely assert that Defendants' products infringe because they comply with a standard. (*Id.*). For example, BillJCo relies on Defendants' own literature and the Accused Products' emission of a "ProximityUUID" to meet the '804 Patent's claim limitation of "identity information for describing an originator identity associated with the sending data processing system." (*Id.*) (citing Dkt. No. 1 at ¶ 40; Dkt. No. 1-7 at 1). Such an allegation is a direct comparison between the

Accused Products and the asserted claims without merely alleging that the products infringe because they comply with a standard.

BillJCo further responds that dismissal would still be improper even if it were alleging infringement based solely on standards compliance. (*Id.* at 9–12). First, BillJCo argues that Defendants have not identified any "optional" portion of the standards. (*Id.* at 9). Further, BillJCo argues that whether portions of the standards are optional is a factual issue inappropriate for resolution at the 12(b)(6) stage. (*Id.*). Next, BillJCo asserts that it has gone beyond mere assertion that Defendants' products comply with the BLE and iBeacon standards and has identified which portions of the standards are implemented in the Accused Products. (Dkt. No. 24 at 9–10; Dkt. No. 27 at 6). For example, BillJCo has alleged the Accused Products comply with the iBeacon standard and implement it by following the "'iBeacon data' packet format." (Dkt. No. 27 at 6; Dkt. No. 1-7 at 4). BillJCo relies not only on the standard but also on Defendants' own literature that references "[b]roadcast[ing] data packets." (*Id.*). BillJCo notes that Defendants only rely on one motion-to-dismiss case, *Stragent*, which is distinguishable because there the plaintiff provided only a vague assertion that "the patents in suit address [standard compliant] systems" and the relevant standard had several releases which further increased the ambiguity of the plaintiff's allegations. (Dkt. No. 24 at 12).

The Court finds that BillJCo assertions of infringement are not limited to the theory that the Accused Products infringe based solely on standards compliance. Rather, the Complaint makes direct comparisons between the Accused Products and the asserted claims. For example, the Complaint draws directly from Defendants' literature relating to the Accused Products to identify components that correspond to claim limitations. (*See, e.g.*, Dkt. No. 1 at ¶ 30; Dkt. No. 1-7 at 1, 3, 5–8). Moreover, when addressing the BLE and iBeacon standards, the Complaint goes beyond

asserting that mere compliance necessitates infringement. Instead, the Complaint specifically identifies which components of the standard are allegedly in the Accused Products and satisfy a claim limitation. (*See, e.g.*, Dkt. No. 1-7 at 4) (identifying that the Accused Products are standard compliant, identifying the data packet structure within the standard allegedly utilized by the product, and identifying the prefix portion of the data packet structure as satisfying the claim limitation).  This case is unlike *Stragent* where the plaintiff merely asserted infringement because "the patents in suit address [AUTOSAR-compliant] systems" and the "[accused products] compl[ied] with the AUTOSAR standard." 2017 WL 2821697, at *3; *see also* Case No. 6:16-cv-00446, Dkt. No. 1. Accordingly, the Court finds that BillJCo's allegations of direct infringement amount to more than "threadbare allegations [that] do not put Defendants on notice as to what they must defend against under Rule 12(b)(6)." *Stragent*, 2017 WL 2821697, at *5 (citations omitted).

ii.     *Alleged Divided or Joint Infringement of the '011 Patent*

Divided infringement occurs where "more than one actor is involved in practicing the steps" of an asserted method claim and the "acts of one are attributable to the other. . . ." *IBM v. Booking Holdings, Inc.*, 775 Fed. App'x 674, 678 (Fed. Cir. 2019). To state a claim for divided or joint infringement, the plaintiff must "plead[] facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.*; *Lyda v. CBS Corporation*, 838 F.3d 1331, 1339 (Fed. Cir. 2016).

Defendants argue that Plaintiff was required to plead joint or divided infringement with respect to the method of claim 11 of the '011 Patent. (Dkt. No. 21 at 7–10). Defendants assert that the Complaint fails to identify a single actor who performs all steps of the claimed method of the

'011 Patent. (Dkt. No. 21 at 8). Rather, Defendants argue that Plaintiff identifies a "combination of the Defendants, the end user, and other third parties" who perform the accused method. (*Id.* at 8–9). For example, Defendants assert that the Plaintiff's claim chart identifies "the user *activating* the location based application" and performing other alleged method steps. (*Id.*) (citing Dkt. No. 1-4 at 449:33–450:15). In Defendants' view, the Complaint alleges that the claimed method "is performed by a 'sending data processing system' and *also* by a user of a 'receiving user carried mobile data processing system' who 'activat[es] the location based application' which then allows the 'location based application' to 'invoke[] a location based API…' and 'present[] location based content to the user interface.'" (Dkt. No. 25 at 5; Dkt. No. 1-8 at 7–9). Defendants assert that the Complaint must be dismissed because Plaintiff's allegations necessarily implicate divided infringement, yet the Complaint never asserts that Defendants control or form a joint enterprise with the device user or third parties. (Dkt. No. 25 at 7).

Plaintiff first responds that Defendants' divided infringement argument is premature because it requires the Court to find that the "sending data processing system" and "receiving user carried mobile data system" are each performing separate steps of the method claim before any claim construction rulings have been issued. (Dkt. No. 24 at 13). Plaintiff notes that courts have declined similar divided infringement arguments at the motion to dismiss stage. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 695 F. Supp. 2d 680, 684 (S.D. Ohio 2010) (noting that "the issue of whether the method of the patent requires one or more actors is not properly determined in a Rule 12 context, but is a question for claim construction").

Second, Plaintiff argues that claim 11 of the '011 Patent recites only a single step and does not recite any additional steps that must be performed by device users. (Dkt. No. 24 at 14). Plaintiff asserts that the portion of claim 11 cited by the Defendants merely characterizes the type of

broadcast unidirectional wireless data record that is periodically beaconed under the claimed method. (*Id.* at 14–15). In Plaintiff's view, the "in response to a user activating the location based application" language and other limitations cited by the Defendants are not used as verbs but merely characterize the "periodically beaconing" step. (*Id.* at 16–17).

At the 12(b)(6) stage, the parties have neither completed claim construction discovery nor briefed claim construction related issues. The Court therefore declines to determine at this juncture whether asserted method claims require multiple steps or which actors must perform those steps. *See Actus, LLC v. Bank of Am. Corp.*, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010). Further, even considering the scope of the method claim, the Court is persuaded that Plaintiff has not affirmatively alleged that a user or third party must perform a step of the claimed method. The allegations in the Complaint are consistent with the Plaintiff's arguments that the claim language merely characterizes a single method step performed by the Defendants. *See Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667, 682 (D. Del. 2017) (noting that "certain actions, though necessary to claim performance, were not required by claims, and therefore, 'the fact that other parties perform these actions does not preclude a finding of direct infringement'") (quoting *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1331 (Fed. Cir. 2010)). Accordingly, the Court finds the Defendants' divided and joint infringement argument unpersuasive.

### B.      The Complaint States a Claim for Indirect Infringement

Defendants assert that Plaintiff's allegations of indirect infringement must be dismissed because: (1) Plaintiff failed to plead an underlying claim of direct infringement, (2) Plaintiff has not pled sufficient facts regarding pre-suit knowledge of the Asserted Patents, (3) Plaintiff has failed to allege the specific intent required for induced infringement, and (4) Plaintiff has provided no factual basis for its contributory infringement claims. (Dkt. No. 21 at 10–13). For the reasons

stated below, the Court finds that the Motion should be **DENIED** with respect to Plaintiff's indirect infringement claims.

The Court notes that Defendants initially rely on their arguments discussed above to assert that Plaintiff has failed to state a claim for direct infringement, and therefore all of Plaintiff's indirect infringement allegations must fail. (Dkt. No. 21 at 10; Dkt. No. 25 at 7–8) (citing *Qwickcash, LLC v. Blackhawk Network Holdings, Inc.*, 2020 WL 6781566, at \*5 (E.D. Tex. Nov. 17, 2020) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed.")). Having determined that Plaintiff has adequately pled direct infringement, the Court finds this argument unpersuasive.

Defendants further argue that Plaintiff has failed to identify any underlying direct infringer to support claims of induced or contributory infringement against the Defendants. (Dkt. No. 21 at 10–11). Plaintiff responds that it "need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." (Dkt. No. 24 at 18) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1336). Additionally, Plaintiff argues that it has identified "customers, application developers, and third-party manufacturers—[who] access, use, and develop programs and applications for the Accused Infringing Instrumentalities" and has sufficiently identified how these underlying infringers directly infringe. (*Id.*; Dkt. No. 1 at ¶ 34). The Court finds that the Complaint sufficiently identifies "customers, application developers, and third-party manufacturers" as direct infringers based on their access, use, and development of programs for the Accused Infringing Instrumentalities. (Dkt. No. 1 at ¶ 33–34). The Court proceeds to address the Defendants' other arguments.

i.    *Induced Infringement*

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926, 191 L.Ed.2d 883 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011)). Knowledge of the patent can be show directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019).

The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129). "These 'active steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents LLC*, 408 F. Supp. 3d at 828 (quoting *Barry*, 914 F.3d at 1334 (identifying the Defendants' employees, who provided technical support for customers performing the infringing acts, as evidence supporting induced infringement)).

Defendants first argue that Plaintiff has not plead sufficient facts to show pre-suit knowledge of the Asserted Patents or that Defendants were willfully blind to any infringement. (Dkt. No. 21 at 11). Defendants next argue that the Complaint fails to show that Defendants had "the intent to cause another to directly infringe" because Plaintiff asserted no facts identifying "how the [Defendants'] instructions direct customers to use products in an infringing manner." (*Id.* at 12) (citing *Core Wireless Licensing SARL v. Apple, Inc.*, 2015 WL 12850550, at *4 (E.D. Tex.

July 15, 2015), *report and recommendation adopted*, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015)). Defendants argue that the Complaint merely puts forward "generic allegations that an alleged infringer provides instructional materials along with the accused products" without more and is therefore "insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim." (*Id.*) (quoting *Core Wireless*, 2015 WL 12850550, at *5).

Regarding Defendants' knowledge of the Asserted Patents, Plaintiff argues that "the knowledge of the filing of a complaint is sufficient to satisfy the knowledge requirement for indirect infringement. (Dkt. No. 24) (citing *Alacritech, Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017) (following cases which reason that "'pre-suit' and 'post-filing' indirect infringement claims are not separate for purposes of a motion to dismiss"). Regarding intent to induce infringement, Plaintiff argues that it has adequately pled facts that satisfy the low bar required at the pleading stage prior to claim construction. (*Id.*) (quoting *Lexington Luminance LLC v. Lowe's Home Centers, LLC*, 2019 WL 1417440, at *2 (E.D. Tex. Mar. 13, 2019). BillJCo argues that its Complaint goes beyond that in *Core Wireless* because BillJCo "has alleged that Defendants' inducing activities extended beyond mere customers to include application developers and third-party manufacturers" which Defendants have instructed to "access, use, and develop programs and applications for the Accused Instrumentalities." (*Id.*; Dkt. No. 1 at ¶ 34).

The Court finds that BillJCo has adequately pled a claim for induced infringement. Regarding Defendants' knowledge of the Asserted Patents, the Complaint alleges that "Defendants [were] aware of the Patents-in-Suit, at least as of the filing of this lawsuit, and know or should have known" that their acts constituted infringement. (Dkt. No. 1 at ¶ 33, 41, 45, 51, 55, 61, 65). The Complaint therefore provides Defendants the requisite notice of the Asserted Patents to

support a claim of indirect infringement at least as of the time the Complaint was filed. *Stragent*,

2017 WL 2821697, at \*8. The Court finds that it would be premature at this early stage in the

proceedings to distinguish between pre-suit and post-filing conduct for the purposes of induced

infringement when it cannot be disputed that Plaintiff "*does* sufficiently plead that the

[Defendants] had knowledge of the [Asserted Patents] for at least some time during the

infringement period."[2] *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242, 2012 WL 2595288,

at \*3 (E.D. Tex. July 5, 2012); *see also Alacritech*, 2017 WL 4230582, at \*2; *Estech Sys., Inc. v.*

*Target Corp.*, No. 2:20-cv-00123, 2020 WL 6496425, at \*5 (E.D. Tex. Aug. 10, 2020); *Ultravision*

*Techs., LLC v. GoVision, LLC*, No. 2:18-cv-100, 2020 U.S. Dist. LEXIS 32618, at \*36 (E.D. Tex.

Jan. 20, 2020) (noting that at the 12(b)(6) stage there "is no pre-suit knowledge requirement to

establish induced infringement") (citations omitted).

Regarding Defendants' intent to induce infringement, the Court draws all reasonable

inferences from the well-pleaded allegations in Plaintiff's favor and likewise finds that Plaintiff

has pled facts sufficient to state a claim. In this case, BillJCo has alleged that "Defendants take

specific steps to actively induce" "customers, application developers, and third-party

manufacturers" "to access, use, and develop programs and applications for the Accused Infringing

Instrumentalities." (Dkt. No. 1 at ¶ 34). Further, BillJCo alleges that Defendants "intentionally

instruct[] infringing use through training videos, demonstrations, brochures, installation and user

guides" and includes hyperlinks to specific examples of the Defendants' literature that instruct on

the use of the Accused Products as detailed by the Plaintiff's claim charts. (*Id.*; *see also* Dkt. Nos.

---

[2] The Court notes that "[d]istrict courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit." *Zapfraud, Inc. v. Barracuda Networks*, 528 F. Supp. 3d 247, 259 (D. Del. 2021) (collecting cases). In the absence of binding authority on either side of the issue, the Court declines to depart from its previous finding that "there is no pre-suit knowledge requirement to establish induced infringement" at the pleading stage. *Opticurrent, LLC v. Power Integrations, LLC*, No. 2:16-cv-325, 2016 U.S. Dist. LEXIS 194970, at \*7 (E.D. Tex. Oct. 19, 2016).

1-6, 1-7, 1-8, 1-9). At the 12(b)(6) stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from the Plaintiff's allegations that Defendants simultaneously sell the Accused Products while supplying customers, manufacturers, and application developers with the cited literature which instructs performance of allegedly infringing uses of the technology. By pointing to literature "advertising an infringing use" and "instructing how to engage in an infringing use" and including corresponding claim charts which indicate how such use of the Accused Products allegedly infringes the Asserted Patents, Plaintiff has sufficiently stated a claim for induced infringement. *See Motiva Patents LLC*, 408 F. Supp. 3d at 828 (citations omitted); *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2019 U.S. Dist. LEXIS 227275, at *8–9 (E.D. Tex. Oct. 23, 2019) (finding a pleading sufficient where it identifies the accused functionalities and includes citations/screenshots of advertisements and user guides with alleged descriptions and demonstrations for those accused functionalities).

### ii.   *Contributory Infringement*

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (citing 35 U.S.C. § 271(c)). To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use." *Motiva Patents*, 408 F. Supp. 3d at 829.

Defendants argue that BillJCo's Complaint lacks any "factual basis upon which a plausible inference of contributory infringement can be drawn." (Dkt. No. 21 at 13) (quoting *Core Wireless*, 2015 WL 12850550, at *5). According to Defendants, BillJCo's Complaint and claim charts

provide "no other detail as to the alleged contributory infringement," and it is "impossible to derive

a plausible inference that the accused hardware/software has no substantial non-infringing uses."

(*Id.*)

Plaintiff asserts that the Complaint states a claim for contributory infringement because it

alleges "that Defendants utilize the Accused Infringing Instrumentalities to infringe the Patents-

in-Suit," demonstrates "how the Accused Infringing Instrumentalities infringe the Patents-in-

Suit," and alleges the Accused Infringing Instrumentalities do not have a substantial non-infringing

use." (Dkt. No. 24 at 22). BillJCo asserts that Defendants' reliance on *Core Wireless* is misplaced

because there the plaintiff did not identify "(1) the general functionality of the respective patents,

(2) the hardware/software it [accused], or how those components are material and especially

adapted for infringement." (*Id.*) (citing 2015 WL 12850550, at *5). BillJCo argues that its

Complaint specifically addresses these topics and thus states a claim of contributory infringement.

(*Id.*).

The Court finds that Plaintiff's Complaint sufficiently states a claim for contributory

infringement. BillJCo specifically identifies the general functionality of the respective patents as

"relat[ing] to specific and particularized inventions for . . . beacon technology and the related

protocols . . . which facilitate and enable aspects of the beacon technology ecosystem." (Dkt. No.

1 at ¶ 20). Plaintiff alleges that the Asserted Patents disclose "systems and methods for

broadcasting and beaconing related identifiers, applications, and location information for use

within the beacon ecosystem." (*Id.*). The Complaint also identifies the particular

hardware/software it accuses of infringement as "devices that use BLE to broadcast data packets,

in compliance with beacon standards and specifications, to nearby wireless devices." (*Id.* at ¶ 23).

The Complaint further identifies the Accused Products by product name and exemplar product

numbers. (*Id.*). Finally, the Complaint explains that the Accused Products are adapted to infringement because they are "used to create a communications system where beacons transmit a series of messages that include data fields arranged in accordance with the BLE protocol and another device receives such a message and is capable of receiving data, including location data, contained in the inquiry message." (*Id.* at 28). In addition, Plaintiff's claim charts provide sufficient allegations to allege that operation of the respective Accused Products occurs in a manner that is purely adapted to infringement. (*See* Dkt. Nos. 1-6, 1-7, 1-8, 1-9).

Further, BillJCo's Complaint alleges that "Defendants know portions of the Accused Infringing Instrumentalities to be especially made or especially adapted for use in infringement of the Patents-in-Suit, not a staple article, and not a commodity of commerce suitable for substantially noninfringing use." (Dkt. No. 1 at ¶ 35). With respect to each Asserted Patent, BillJCo asserts that the Accused Products "have no substantial non-infringing uses" and that Defendants knew the Accused Products were "made for use in an infringing manner." (*Id.* at ¶¶ 42, 52, 62). On the whole, the Court finds that BillJCo has sufficiently pled contributory infringement.

### C.    The Complaint States a Claim for Willful Infringement

Defendants request that the Court dismiss BillJCo's allegations of willful infringement because (1) Plaintiff not plausibly alleged any underling claim of infringement of the Asserted Patents, (2) no pre-suit knowledge is alleged for the Asserted Patents, and (3) the Complaint's allegations lack any supporting facts and a "patentee should not prospectively allege post-filing" willful infringement in an original complaint. (Dkt. No. 21 at 14). Plaintiff responds that it is "required only to allege post-suit knowledge to state a claim for willful infringement." (Dkt. No. 24 at 26) (citing *KIPB LLC v. Samsung Elecs. Co.*, 2020 WL 1500062, at *10–12 (E.D. Tex. Mar. 9, 2020)).

The Complaint alleges that Defendants were aware of the Patents-in-Suit "at least as of the filing and/or service of this lawsuit" and have "continued their infringing activities." (Dkt. No. 1 at ¶¶ 31, 33, 36). "[A]n allegation that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint is sufficient to at least state a claim for willful infringement." *KIPB*, 2020 WL 1500062, at *10–12 (citing *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032, 2017 WL 8727249, at *6 (E.D. Tex. Sept. 22, 2017)). Accordingly, the Court finds that, at this early stage, BillJCo has at least stated a plausible claim for willful infringement.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that Defendants' Motion to Dismiss (Dkt. No. 21) is **DENIED** as to BillJCo's claims of direct, indirect, and willful infringement.

**So ORDERED and SIGNED this 30th day of November, 2021.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

16