UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
<u>MARSHALL DIVISION</u>

| | |
|---|---|
| BillJCo, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>Cisco Systems, Inc.,<br><br>       Defendants. | Case No. 2:21-cv-181 |
| BillJCo, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>Hewlett Packard Enterprise Company, Aruba Networks, LLC<br><br>       Defendant. | Case No. 2:21-cv-00183 |

**BILLJCO, LLC'S CONSOLIDATED OPPOSITION TO
<u>DEFENDANTS' MOTIONS TO TRANSFER</u>**

# TABLE OF CONTENTS

**Table of Contents**

**Page**

INTRODUCTION ........................................................................................................................ 1
BACKGROUND .......................................................................................................................... 2
ARGUMENT ................................................................................................................................ 7
I.   The Private Interest Factors Favor Keeping This Matter In Texas. ................................... 7
   A.   The Relative Ease of Access to Sources of Proof Weighs Heavily Against Transfer. .... 7
   B.   The Availability of Compulsory Process is Neutral. ....................................................... 9
   C.   The Cost of Attendance and Convenience for Willing Witnesses Weighs
        Heavily Against Transfer. ............................................................................................ 10
   D.   The "All Other Practical Problems" Factor Is Neutral. ................................................. 12

II.  The Public Interest Factors Favor Keeping This Matter In Texas. ................................... 13
   A.   The Administrative Difficulties Factor Weighs Against Transfer. ............................... 13
   B.   The Local Interest Factor Weighs Against Transfer. .................................................... 14
   C.   Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors. .... 15

CONCLUSION ........................................................................................................................... 15

39579373.1

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*AGIS Software Dev. LLC v. Apple, Inc. (Apple, Inc.)*,
  No. 2:17-CV-00516-JRG, 2018 WL 2721826 (E.D. Tex. June 6, 2018) ..........................13, 14

*AGIS Software Dev. LLC v. HTC Corp. (HTC Corp.)*,
  No. 2:17-CV-00514-JRG, 2018 WL 4680557 (E.D. Tex. Sept. 28, 2018) ........................12, 13

*AGIS Software Dev. LLC v. Huawei Device USA Inc. (Huawei Device)*,
  No. 2:17-CV-00513-JRG, 2018 WL 2329752 (E.D. Tex. May 23, 2018) ............................7, 9

*Faulhaber v. Equifax Info. Serv., LLC*,
  No. 4:21-CV-140, 2021 WL 5140791 (E.D. Tex. Nov. 4, 2021) ............................................10

*Gui Global Prods., Ltd. v. Samsung Elecs.. Co., Ltd.*,
  No. 4:20-CV-2624, 2021 WL 3705005 (S.D. Tex. May 28, 2021)..........................................9

*In re Apple Inc.*,
  855 F. App'x 766 (Fed. Cir. 2021)..................................................................................10, 12

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................................................10

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .................................................13

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010)................................................................................................7

*In re Volkswagen, Inc.*,
  545 F.3d 304 (5th Cir. 2008) ...................................................................................................7

*Quest NetTech Corp. v. Apple, Inc.*,
  No. 2:19-CV-00118-JRG, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019)..............................11

*Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*,
  No. 6:17-CV-00549-JRG, 2018 WL 4444097 (E.D. Tex. Sept. 5, 2018) ...............................10

**FEDERAL STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................................2

39579373.1

**INTRODUCTION**

If this lawsuit against two Silicon Valley-based companies cannot be brought in in this District, then no case can. The plaintiff is BillJCo, a Texas company based in Flower Mound, Texas and located within this District. BillJCo was founded by Bill Johnson, who has lived in Texas for 40 years and developed the beacon technology at issue from his home in Texas along with his sons, who both reside in Texas. The Defendants in the two consolidated cases are (a) Houston-based Hewlett Packard Enterprise Companies ("HPE") and its subsidiary Aruba Networks, LLC (collectively the "HPE Defendants") and (b) Cisco Systems, Inc. ("Cisco"), a company with an office, over 1,400 employees, and document servers all located in this District.

This Texas dispute between Texas parties involving Texas documents should stay in Texas. None of the transfer factors call for a different result. The "source of proof" factor weighs heavily against transfer because the relevant documents for three of the four parties at issue are located in this District and/or Texas. The compulsory process factor is neutral since neither party has identified a relevant third-party witness that should be subpoenaed for trial. The Court should reject the Defendants' argument that Apple is a critical witness under this factor since the Court has already found that BillJCo's allegations are not based on a "standards compliance" theory relating to Apple's iBeacon standard.

The willing witness factor also weighs heavily against transfer. BillJCo's owner—Bill Johnson—lives and works in this District and would be significantly prejudiced if the trial takes place in the Northern District of California ("NDCA"). BillJCo has also identified six additional material non-party witnesses who either live in this District or Texas, one of which (Craig Yudell) was also disclosed by the HPE Defendants in their initial disclosures (but conveniently omitted from their motion). Four of those witnesses are willing to testify in this District, but not the NDCA.

BillJCo will therefore lose the opportunity to present this testimony if the case is transferred to the NDCA.

The public interest factors also weigh against transfer. As to the court congestion factor, patent litigation in the NDCA has crawled to almost a complete stop over the course of the pandemic, and the gap between trial times in this Court and the NDCA continues to widen at an exponential pace. The NDCA's recent suspension of all civil and jury trials has only exacerbated the backlog. Although the Federal Circuit has instructed courts to consider data points other than trial times, any other relevant metrics similarly weigh against transfer. The bottom line is that this Court is faster at resolving cases than the NDCA.

The local interest factor similarly weighs against transfer because BillJCo is located in this District, Cisco has a significant presence here, and HPE is headquartered in Houston. In addition, this case presents a Texas story involving a Texas inventor who developed the technology at issue in Texas with the help of his Texan sons and friends. A Texas jury has a strong interest in protecting the intellectual property and sweat equity of its fellow Texans.

At bottom, the Defendants have not come forward "clearly convincing evidence" showing that BillJCo's choice of forum should be disregarded. If this case is transferred out of this District, it would mean that Defendants are essentially immune from litigation here—an absurd result that would render 28 U.S.C. § 1400(b) all but meaningless.

## BACKGROUND

***BillJCo***

BillJCo is a Texas limited liability company with its principal place of business at 1704 Katherine Court, Flower Mound, TX 75022. Declaration of Bill Johnson ("Johnson Decl.") ¶ 1. Bill Johnson is the founder of BillJCo and the inventor of all the patents at issue. *Id.* ¶ 2. Mr. Johnson's home is in Flower Mound, Texas ███████████████████████. *Id.* ¶ 3.

Mr. Johnson graduated from Ohio University in 1982 and moved to Dallas to take a job with Texas Instruments. *Id.* Mr. Johnson has worked and lived in Texas ever since. *Id.* He moved to Flower Mound in 1986, where he and his wife raised their family. *Id.* ¶ 4. In Dallas and Flower Mound, Mr. Johnson spent two decades working as an engineer for large corporations based in Texas (Texas Instruments, Xerox, IBM, MCI). *Id.* ¶ 5. Mr. Johnson eventually left the corporate world in 2000 to start a consulting company and to focus on creating his own intellectual property. *Id.* ¶ 6. He did all this work from his home in Flower Mound. *Id.* ¶ 7. All of Mr. Johnson's documents relating to the patents at issue are in Flower Mound. *Id.* ¶ 18.

Mr. Johnson's patents focus on Bluetooth beacon technology. *Id.* ¶ 7. Beacon technology generally relates to a class of Bluetooth hardware transmitters that broadcast their identifier to nearby electronic devices where different information can be received, processed, analyzed, and ultimately presented to a user in order to enhance a user's or customer's experience. *Id.* ¶ 7. Mr. Johnson tapped into his Texas corporate contacts, as well as his own family, to help get this beacon technology off the ground. *Id.* ¶ 8.

In 2004, Mr. Johnson began to work with Lev Sofman, an engineer he met at MCI, to develop certain initial beacon-related patents relating to centralized service based applications. *Id.* ¶ 9. Mr. Sofman currently works for ███████████████████████. *Id.* ¶ 9. Mr. Sofman is willing to testify at a trial in this Court as to the development and commercialization efforts of Mr. Johnson which relate at least to willfulness and prior art, but is not willing to travel to California to do so. Declaration of Matthew Veenstra ("Veenstra Decl.") ¶ 3.

Mr. Johnson sought out to improve this beacon technology and filed applications for new patents focusing on distributed mobile applications or "Location Based eXchanges" (the "LBX Portfolio"). Johnson Decl. ¶ 10. Mr. Johnson founded BillJCo for pursuing opportunities relating

3

to the LBX Portfolio. *Id.* ¶ 2. Mr. Johnson worked on the LBX Portfolio with Craig Newman and Kevin Watson, two engineers he met at MCI, who both provided invaluable business and technical advice to BillJCo in launching LBX Portfolio implementations. *Id.* ¶ 11. Mr. Newman works for ▮▮▮▮▮. *Id.* And Mr. Watson lives ▮▮▮▮▮ where he owns his own consulting company. *Id.* Both Mr. Watson and Mr. Newman are willing to testify at a trial in this Court as to the development and commercialization efforts of Mr. Johnson which relate at least to willfulness and prior art, but are not willing to travel to California to do so. Veenstra Decl. ¶¶ 4-5.

Mr. Johnson's sons, Michael Johnson and Jason Johnson, were also instrumental in launching BillJCo and developing the LBX Portfolio. Johnson Decl. ¶ 12. Jason helped Mr. Johnson improve the patents at issue, while Michael helped Mr. Johnson learn the development environment for building beacon applications. *Id.* Both of Mr. Johnson's sons are lifelong Texas residents. *Id.* ¶ 13. Michael currently lives in ▮▮▮▮▮. *Id.* ¶ 13. Jason currently lives in ▮▮▮▮▮. *Id.* ¶ 13. Jason is also co-inventor along with Mr. Johnson on certain patents in the LBX Portfolio.

Craig Yudell, a patent attorney who has lived in Austin for three decades, was the main attorney of record for the LBX portfolio. *Id.* ¶ 15. When Mr. Johnson eventually sought to sell the portfolio, he hired Yudell to assist him in the negotiations. *Id.* ▮▮▮▮▮ Mr. Yudell is willing to testify at a trial in this Court, but is not willing to travel to California to do so. *Id.* ¶ 2.

4

*The HPE Defendants*

HPE is a multinational technology company headquartered in Houston. Dunsbergen Decl. (Dkt. 33-1) ¶ 5. Aruba is a wholly owned subsidiary of HPE headquartered in San Jose. *Id.* ¶ 4.

The HPE Defendants identify four "relevant witnesses" in their motion to transfer: Ben Dunsbergen, Deven Patel, Phillip Carranco, and Steven Brar. HPE Mot. (Dkt. 34) at 8.

As noted above, Yudell lives in Austin, Texas and is willing to testify at trial in Texas, but not California. *Id.* ¶ 3. Simpson is a patent attorney based in Philadelphia, Pennsylvania, which is closer to this District that NDCA. *Id.* Ex. 6.

*Cisco*

Cisco Systems, Inc., ("Cisco") is a multinational technology company based in San Jose that has an office in this district in Richardson with over 1,400 employees as well as another just north of Houston in Spring. Haase Decl. (Dkt. 32-2) ¶ 6. While many Cisco employees are located in the NDCA, its documents are not. In fact, Cisco admits that it maintains servers *in this district*

5

39579373.1

that "host many of Cisco's electronic documents." Cisco Mot. (Dkt. 36) at 6 n.1. █████

████████████████████████████████████████████████████████████████

████████████████████████████████

      Cisco's motion fails to identify any witnesses it intends to call at trial to defend this action. Cisco's motion only speaks in broad terms, stating that "Cisco's development of the accused products is based in Cisco offices in the Northern District of California" and that "[t]his includes the Cisco employees most knowledgeable regarding the development of the accused products." Cisco Mot. (Dkt. 36) at 3. To be sure, Cisco's motion attaches three declarations, but like the HPE Defendants' motion, none of them provides any indication of who Cisco intends to call at trial in this matter. *Id.*, Exs. B-D. Moreover, none of the employees identified as allegedly knowledgeable are members of the Cisco engineering team that developed the beacon features in the Accused Products. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

Cisco also broadly argues that Apple witnesses may be relevant to this dispute but fails to identify any specific Apple witnesses that it intends to call at trial and only parrots information contained in Apple's motion to transfer. Cisco Mot. (Dkt. 36) at 2.

## ARGUMENT

The burden to prove that a case should be transferred for convenience falls on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). The burden is not that the alternative venue is more convenient, but that it is "clearly more convenient." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.*, 628 F.3d at 1344.

### I. The Private Interest Factors Favor Keeping This Matter In Texas.

#### A. The Relative Ease of Access to Sources of Proof Weighs Heavily Against Transfer.

"[S]ources of proof . . . refers exclusively to sources of documentary or physical proof." *AGIS Software Dev. LLC v. Huawei Device USA Inc.* (*Huawei Device*), No. 2:17-CV-00513-JRG, 2018 WL 2329752, at *3 (E.D. Tex. May 23, 2018). This factor weighs heavily against transfer because the relevant documents for three of the four parties are located in this District or Texas.

All of BillJCo's evidence is located in this District. In addition, BillJCo has identified five nonparty witnesses whose evidence is also located in Texas. In addition to its physical office

---

█████████████████████████████████████████████████████████████████

presence here, Cisco has admitted that "servers in this district host many of Cisco's electronic documents" . Cisco Mot. (Dkt. 36) at 6 n.1; . Given that it is headquartered in Houston, at least a portion of HPE's relevant documents are located there. Dunsbergen Decl. (Dkt. 33-1) ¶ 5. HPE's subsidiary, Aruba, is the only party who claims that it maintains all of its relevant documents in the NDCA. *Id.* ¶¶ 15-17.

Acknowledging that the location of the foregoing categories of documents weigh heavily against transfer, the Defendants try to shift the focus by making this case all about third-party Apple and its witnesses. Cisco's motion to transfer references "Apple" 44 times, while the HPE Defendants' motion references "Apple" 36 times. *See generally,* Cisco Mot. (Dkt. 36); HPE Mot. (Dkt. 33). The Defendants argue that third-party Apple is critical to the case because the complaints here "allege infringement . . . by use of the same iBeacon standard developed by Apple" and that Apple's "iBeacon standard is the target of BillJCo's allegations." Cisco Mot. (Dkt. 36) at 1. The HPE Defendants made similar arguments in their motions to dismiss where they argued that the Court should dismiss BillJCo's claims for "standards compliance" with Apple's iBeacon standard. HPE Mot. to Dismiss (Dkt. 21) at 5-7. The Court rejected this argument and found that BillJCo has alleged a claim for direct infringement against the Defendants – irrespective of the Apple's iBeacon standard. Nov. 30, 2020 Order (Dkt. 51) at 5-6. Because BillJCo has alleged a claim for direct infringement against the Defendants that does not require any involvement by Apple

8

witnesses, the Court should once again reject the Defendants' attempts to make this case about Apple. Even if Apple is relevant to the dispute, Defendants fail to explain the location of Apple's evidence and why it cannot be accessed from Apple's second headquarters in Austin.[2]

Because the overwhelming majority of the relevant documents are this District or Texas, this factor weighs heavily against transfer.

### B. The Availability of Compulsory Process is Neutral.

The compulsory process factor considers non-party witnesses whose attendance may need to be secured by a court order. *See Huawei Device*, 2018 WL 2329752 at *3, *3 n.1 (noting the transfer analysis considers "[a]ccess to witnesses *for presentation at trial*") (citing *In re Volkswagen, Inc.*, 545 F.3d 304, 316 (5th Cir. 2008)) (emphasis in original). This factor is neutral since there are no relevant nonparty witnesses that need to be subpoenaed in either district. The Defendants again identify Apple as a non-party witness under this factor. For the reasons explained above, Apple is not relevant to this litigation since the Court has rejected the Defendants "standards compliance" arguments. Moreover, nothing in Defendants' motions explains why they would need to call Apple witness at trial. The Defendants simply argue in that Apple is involved in parallel litigation with BillJCo and that Apple is based in the NDCA. However, that litigation—which

---

[2] Defendants rely on the declaration of Mark Rollins in support of Apple's motion to transfer. Cisco Mot. (Dkt. 36) at 5-6; HPE Mot. (Dkt. 33) at 4. But that declaration provides no useful information regarding the location of relevant evidence in the Apple matter or this matter. Mr. Rollins states in paragraph 7 of his declaration that "working files and electronic documents concerning the accused features reside on local computers and/or servers either located in *or around* NDCA *or which are accessible in* NDCA." Rollins Decl. ¶¶ 7, 10 & 14. (emphasis added). Other courts have correctly placed minimal reliance on these same vague assertions from Rollins. *See Gui Global Prods., Ltd. v. Samsung Elecs.. Co., Ltd.*, No. 4:20-CV-2624, 2021 WL 3705005, at *2 (S.D. Tex. May 28, 2021). For example, the *Gui* court declined to rely on Rollins' assertion regarding the location of relevant evidence because it did "not explain whether Defendant's servers are, in fact, located within the Northern District of California, or whether they are merely accessible from that district." *Id*. at *5.

involves separate and discrete issues—is currently proceeding in parallel in the Western District of Texas.

Both parties also identify the Bluetooth SIG as a potential third-party witness. Cisco Mot. (Dkt. 36) at 2, 8 n.2; HPE Mot. (Dkt. 33) at 4-5, 10. It is not clear why since the Bluetooth SIG is located in Kirkland, Washington, outside of the NDCA's subpoena range. Since neither party has identified a relevant third party, this factor is neutral.

### C. The Cost of Attendance and Convenience for Willing Witnesses Weighs Heavily Against Transfer.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, 566 F.3d 1338, at 1343 (Fed. Cir. 2009). "The Fifth Circuit applies the '100-mile' rule to determine the burden a venue places on witnesses who participate in the case. *Faulhaber v. Equifax Info. Serv., LLC*, No. 4:21-CV-140, 2021 WL 5140791, at *5 (E.D. Tex. Nov. 4, 2021). "If the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* As this Court has explained, "it is incumbent upon the advancing party to demonstrate both the likelihood and the willingness of a third-party witness to actually testify at trial in order for the Court to meaningfully assess the weight that should be attached to the witness." *Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*, No. 6:17-CV-00549-JRG, 2018 WL 4444097, at *4 (E.D. Tex. Sept. 5, 2018).

#### 1. Nonparty Witnesses

This factor weighs heavily against transfer, because BillJCo has identified four willing nonparty witnesses in Texas who are willing to testify in Texas but not the NDCA: Craig Yudell (the attorney who prosecuted the patents-in-suit), Lev Sofman, Craig Newman, and Kevin Watson (engineers who assisted Mr. Johnson in developing BillJCo's beacon-related technology). *See In*

*re Apple Inc.*, 855 F. App'x 766 (Fed. Cir. 2021) (denying petition for writ of mandamus directing transfer where "two non-party potential witnesses reside in the Western District of Texas . . . were unwilling to travel to California to testify"); *accord, e.g., Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118-JRG, 2019 WL 6344267, at *5 & n.7 (E.D. Tex. Nov. 27, 2019) (denying motion to transfer and relying on counsel's representation as to witness's willingness to travel to attend trial). ███████████████████████

███████████████████████████████████████

█████ Mr. Johnson's two sons are also nonparty witnesses that reside in this District or nearby. Johnson Decl. ¶¶ 12, 13. ████████████████

████████████████████████████████████████

████████████████████████████

In contrast, Defendants have not identified any willing nonparty witnesses for whom a trial in the NDCA would be more convenient.

### 2.    Party Witnesses

BillJCo has no offices, employees, or presence in NDCA. The founder of BillJCo and its sole employee, Mr. Johnson, will testify in this matter. If this matter is transferred to the NDCA, Mr. Johnson's testimony will be costly and inconvenient.

By contrast, the Defendants have not shown that their willing witnesses would be prejudiced by a trial in this District. As explained above, Cisco's motion does not even identify any witnesses it attends to call at trial. Cisco baldly argues that "[t]he overwhelming majority of witnesses essential to the determination of this matter, including employees of Apple and Cisco, are located in the Northern District of California." Cisco Mot. (Dkt. 36) at 8. In support of this sentence, Cisco cites three sources. The first is Apple's transfer motion filed in the Western District of Texas. *Id.* Cisco also cites a single paragraph from the declaration of Lucas Hanson and a single

paragraph from the declaration of Neil Kurkarni submitted in support of Cisco's motion. *Id.* While all three sources reference a variety of individuals and "teams," none of these sources actually indicate who Cisco intends to call as a witness at trial. Nor does Cisco's motion. The reason is that none of Cisco's declarants, or their teams, have actually done any development work on the accused beacon features in Cisco's products.

For their part, the HPE Defendants identify four employees they contend will attend trial. But as explained above, three of them know nothing about the beacon technology at issue and would have no meaningful role at trial. See supra at 5. The inconvenience of traveling to Texas for the single remaining employee that the HPE Defendants have identified with actual knowledge is minimal given that HPE's headquarters is located in Texas.

At bottom, the Court should give little weight to the Defendants' lists of party witnesses since they fail to demonstrate that the witnesses actually have material information that is likely to be presented at trial. *See, e.g.*, *In re Apple, Inc.*, 855 Fed. Appx. at 767 (denying petition for mandamus directing transfer to NDCA where district court found that "Apple appeared to rely on a number of employee witnesses within the transferee venue that were not likely to be called at trial"). In addition, because the inconvenience to the willing non-party witnesses significantly outweighs that of the party witnesses whose relevance is not established, this factor weighs heavily against transfer.

### D. The "All Other Practical Problems" Factor Is Neutral.

Practical problems include those that are rationally based on judicial economy. *AGIS Software Dev. LLC v. HTC Corp.* (*HTC Corp.*), No. 2:17-CV-00514-JRG, 2018 WL 4680557, at *9 (E.D. Tex. Sept. 28, 2018). Defendants argue that the Court should assume that BillJCo's lawsuit against Apple will be transferred to the NDCA and that it will therefore be more convenient if this case is transferred as well. Cisco Mot. (Dkt. 36) at 9; HPE Mot. (Dkt. 33) at 6. Such an

12

assumption is improper. "[C]ourts should avoid considering copending cases which currently have, or have had, motions to transfer venue to avoid any 'double count' in according proper weight." *AGIS Software Dev. LLC v. Apple, Inc.* (*Apple, Inc.*), No. 2:17-CV-00516-JRG, 2018 WL 2721826, at *7 (E.D. Tex. June 6, 2018). Accordingly, this factor is neutral.

II. **The Public Interest Factors Favor Keeping This Matter In Texas.**

   A. **The Administrative Difficulties Factor Weighs Against Transfer.**

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *HTC Corp.*, 2018 WL 4680557 at *9. The gap between the trial times in the NDCA and this District continues to widen. The average time to trial in the NDCA has grown **45.2 months** based on the most recent data available at the time this brief was filed. Veenstra Decl., Ex. 12, NDCA Legal Metrics Report at 20. By contrast, the average time to trial in this district is 29.4 months. Id., Ex. 13, E.D. Tex. Legal Metrics Report at 19. Making matters worse, until just two days ago, a suspension on all civil jury trials had been in place in the NDCA, which will only further expand the gap in trial times between the two districts as the NDCA works through the additional backlog caused by the suspension.

Although the time to trial is critical to resolving the administrative difficulties factor, the Federal Circuit has directed courts to consider other metrics. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *3 (Fed. Cir. Nov. 15, 2021) ("[T]he time to trial statistics provided in this case, unsupported by additional facts such as . . . the speed and availability of other case dispositions, cannot alone weigh "heavily against transfer."). Any other metrics that the Court could possibly consider also weigh heavily against transfer. Over the past five years, the average time to case termination for patent cases in this Court for any reason is 10.6 months, versus 13.2 months in the NDCA. *Compare* Veenstra Decl. Ex, 13, E.D. Tex Legal Metrics Report at 19 *to*

13

Ex. 12, NDCA Legal Metrics Report at 20. Below is a chart comparing the time to termination the two districts by different means (in months):

| Outcome | E.D. Texas | N.D. Cal. |
|---|---|---|
| Consent Judgment | 21.3 | 26.9 |
| Default Judgment | 16.0 | 21.4 |
| Involuntary Dismissal | 15.7 | 16.8 |
| Jury Verdict | 27.8 | 45.2 |
| Lack of Jurisdiction | 6.8 | 13.8 |
| Summary Judgment | 23.7 | 25.3 |

*Compare* Veenstra Decl., Ex. 13, E.D. Tex Legal Metrics Report at 26 *to* Ex. 12, NDCA Legal Metrics Report at 27.

Accordingly, regardless of the metric considered, cases terminate more quickly in this Court, and the gap between this Court and the NDCA is widening at a rapid pace. The court congestion factor therefore weighs strongly against transfer.

**B.     The Local Interest Factor Weighs Against Transfer.**

The local interest weighs against transfer because three of the four parties have a significant presence in this District and/or Texas. BillJCo is headquartered in this District. Johnson Decl. ¶ 1. HPE also has its headquarters in Houston, Texas. Dunsbergen Decl. (Dkt. 33-1) ¶ 5. While Cisco is headquartered in the NDCA, it has an office with over 1,400 employees in this District, and another significant office outside of Houston. Haase Decl. (Dkt. 36-2) ¶ 6. Defendants improperly argue that the NDCA has a greater local interest because Cisco and Aruba are larger companies than BillJCo. Such an argument "does not accord with foundational principles of justice." *Apple, Inc.*, 2018 WL 2721826 at *8 ("If followed to its conclusion, smaller businesses and individual plaintiffs will always be disfavored by this factor, as the interest their communities may have is small when compared to the interest a distant community may have in its hometown corporate pillar.").

14

In addition, a Texas jury will have a strong interest in resolving the claims of BillJCo. BillJCo's story is a Texas one involving a longtime Texas resident who developed the patents in Texas with help from Texan sons and friends. A Texas jury will have a strong interest in protecting the intellectual property and sweat equity of its fellow Texan**.** Accordingly, this factor weighs against transfer.

### C. Familiarity With The Governing Law And Conflicts Of Law Are Neutral Factors.

BillJCo agrees with Defendants that the last two public interest factors are neutral.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Defendants' motions to transfer.

Dated: January 28, 2021

Respectfully submitted,

/s/ Brian Michalek
Brian R. Michalek (pro hac vice granted)
Casey Grabenstein (pro hac vice granted)
Brian Landry (pro hac vice granted)
Erin Westbrook (pro hac vice granted)
brian.michalek@saul.com
casey.grabenstein@saul.com
brian.landry@saul.com
erin.westbrook@saul.com
**Saul Ewing Arnstein & Lehr LLP**
161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: 312-876-7100
Facsimile: 312-876-0288

15

39579373.1

Of Counsel:

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
**Attorneys for Plaintiff BillJCo, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **January 28, 2022** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/Brian R. Michalek



/s/Brian R. Michalek