# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# <u>MARSHALL DIVISION</u>

| | |
|---|---|
| BillJCo, LLC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Cisco Systems, Inc.,<br><br>　　　Defendant. | Case No. 2:21-cv-181<br>(Lead Case) |
| BillJCo, LLC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Hewlett Packard Enterprise Company, Aruba Networks, LLC<br><br>　　　Defendants. | Case No. 2:21-cv-00183<br>(Member Case) |

## DECLARATION OF MATTHEW VEENSTRA IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER

I, Matthew Veenstra, hereby declare and state as follows:

1. I am a lawyer licensed to practice in the State of Minnesota. I am an attorney for Plaintiff BillJCo, LLC in the above captioned lawsuit and my application for admittance pro hac vice is currently pending.

2. On January 25, 2022 I spoke with Craig Yudell via telephone. He told me that he would be willing to attend a trial in this lawsuit if it was held in Marshall, Texas, but that he would not be willing to do so if the case were transferred to the Northern District of California.

2

3.     On January 25, 2022 I spoke with Lev Sofman via telephone. He told me that he would be willing to attend a trial in this lawsuit if it was held in Marshall, Texas, but that he would not be willing to do so if the case were transferred to the Northern District of California.

4.     On January 25, 2022 I spoke with Craig Newman via telephone. He told me that he would be willing to attend a trial in this lawsuit if it was held in Marshall, Texas, but that he would not be willing to do so if the case were transferred to the Northern District of California.

5.     On January 25, 2022 I spoke with Kevin Watson via telephone. He told me that he would be willing to attend a trial in this lawsuit if it was held in Marshall, Texas, but that he would not be willing to do so if the case were transferred to the Northern District of California.

6.     Attached as Exhibit 1 is a true and accurate copy of ████████████ ████████.

7.     Attached as Exhibit 2 is a true and accurate copy of ████████ deposition held on ████████████.

8.     Attached as Exhibit 3 is a true and accurate copy of ████████ deposition held on ████████████.

9.     Attached as Exhibit 4 is a true and accurate copy of ████████ deposition held on ████████████.

10.    Attached as Exhibit 5 is a true and accurate copy of ████████ deposition held on ████████████.

11.    Attached as Exhibit 6 is a true and accurate printout of Mark D. Simpson's Saul Ewing Arnstein & Lehr's firm bio.

12.    Attached as Exhibit 7 is a true and accurate copy of ████████████ ████████████.

39564850.2

13. Attached as Exhibit 8 is a true and accurate copy of ▮▮▮▮▮▮ deposition held on ▮▮▮▮▮▮.

14. Attached as Exhibit 9 is a true and accurate copy of ▮▮▮▮▮▮ deposition held on ▮▮▮▮▮▮.

15. Attached as Exhibit 10 is a true and accurate copy of ▮▮▮▮▮▮ deposition held on ▮▮▮▮▮▮.

16. Attached as Exhibit 11 is a true and accurate copy of ▮▮▮▮▮▮ deposition held on ▮▮▮▮▮▮.

17. Attached as Exhibit 12 is a true and accurate copy of Legal Metrics' District Report California Northern District Court in Patent Cases from January 2017–September 2021.

18. Attached as Exhibit 13 is a true and accurate copy of Legal Metrics' District Report Texas Eastern District Court in Patent Cases from January 2017–September 2021.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 28, 2021

  /s/ Matthew Veenstra
  Matthew Veenstra