**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BILLJCO, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>                    Defendant. | Case No. 2:21-cv-00181-JRG<br>(Lead Case) |
| BILLJCO, LLC,<br><br>                    Plaintiff,<br>v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY, ARUBA NETWORKS, LLC<br><br>                    Defendants. | Case No. 2:21-cv-00183-JRG<br>(Member Case) |

**DEFENDANTS CISCO SYSTEMS, INC.'S, HEWLETT PACKARD ENTERPRISE**
**COMPANY'S, AND ARUBA NETWORKS, LLC'S**
**<u>MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................. 2

III.    LEGAL STANDARD...................................................................................................... 4

IV.     ARGUMENT .................................................................................................................. 4

        A. Any Delay By Defendants Is Minimal, And There Is No Impact On The
        Proceedings .................................................................................................................. 5

        B. Any Supposed Delay Was Excusable, and Defendants Were Diligent......................... 5

        C. The Prior Art Systems Are Important to the Merits of these Cases ............................. 7

        D.  BilLJCo Will Suffer No Prejudice from Defendants' Amendment ............................. 8

V.      CONCLUSION............................................................................................................... 9

AmericasActive:16658412.1

## <u>TABLE OF EXHIBITS</u>

Exhibit 1      BillJCo, LLC's Disclosure Of Asserted Claims And Infringement Contentions

Exhibit 2      Defendants' Preliminary Invalidity Contentions Cover Pleading

Exhibit 3      Plaintiff's Answers To Cisco Systems, Inc. First Set Of Interrogatories (Nos. 1-5)

Exhibit 4      M.D. Pinkerton, Master's Thesis: Ubiquitous Computing: Extending Access To Mobile Data (1997)

Exhibit 5      February 21, 2022: Padmanabhan To Michalek Regarding Invalidity Contentions Amendment

Exhibit 6      February 23, 2022: Lin To Michalek Regarding Invalidity Contentions Amendment

Exhibit 7      Redline Showing Defendants' Proposed Amendments To Invalidity Contentions

Exhibit 8      *Grand Overseas, Inc. v. CVS Pharmacy, Inc.*, No. 2:15-cv-1401, Dkt. No. 32 (E.D. Tex. Oct. 28, 2016)

AmericasActive:16658412.1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
　84 F. Supp. 3d 538 (E.D. Tex. 2015) ........................................................................4

*Alt v. Medtronic, Inc.*,
　2006 U.S. Dist. LEXIS 4435 (E.D. Tex. Feb. 1, 2006) ........................................5, 6

*Alt v. Medtronic, Inc.*,
　No. 2:04-CV-370, 2006 WL 278868 (E.D. Tex. 2006) ...........................................6

*Arbitron, Inc. v. Int'l Demographics Inc.*,
　2008 WL 4755761 (E.D. Tex. Oct. 29, 2008) .........................................................8

*California Institute of Technology v. Broadcom Ltd*,
　2022 WL 333669 (Fed. Cir. Feb. 4, 2022)...........................................................7, 8

*Comput. Acceleration Corp. v. Microsoft Corp.*,
　481 F. Supp. 2d 620 (E.D. Tex. 2007) .....................................................................4

*e-Watch, Inc. v. Apple, Inc.*,
　No. 2:13-cv-1061-JRG-RSP, 2014 WL 12668405 (E.D. Tex. Dec. 5, 2014) ..........4

*Grand Overseas, Inc. v. CVS Pharmacy, Inc.*,
　No. 2:15-cv-1401, Dkt. No. 32 (E.D. Tex. Oct. 28, 2016) ......................................6

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
　797 F.3d 1025 (Fed. Cir. 2015)................................................................................5

*Kroy IP Holdings, LLC v. Autozone, Inc., et al.*,
　No. 2:13-cv-888-WCB, 2014 WL 7463099 (Bryson, J.)..............................4, 6, 7, 8

*Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*,
　811 F.3d 1314 (Fed. Cir. 2016)............................................................................4, 8

*Motio, Inc. v. Avnet, Inc.*,
　No. 4:12-CV-647, 2015 WL 5952530 (E.D. Tex. Oct. 13, 2015) ....................5, 7, 9

*Paice LLC v. Toyota Motor Corp.*,
　No. 2:07-CV-180 (DF), 2008 WL 11278039 (E.D. Tex. Nov. 17, 2008) ................6

*Shaw Indus. Grp, Inc. v. Automated Creel Sys., Inc.*,
　817 F.3d 1293 (Fed. Cir. 2016)................................................................................8

AmericasActive:16658412.1

*Thomas Swan & Co. v. Finisar Corp.*,
  No. 13-cv-178, 2014 WL 12599218 (E.D. Tex. Apr. 29, 2014)...............................................7

**Other Authorities**

Patent Rule 3-1.............................................................................................................1, 2

Patent Rule 3-2.............................................................................................................1, 2

Patent Rule 3-3................................................................................................................2

Patent Rule 3-4................................................................................................................2

Patent Rule 3-6(b)......................................................................................................1, 2, 4

AmericasActive:16658412.1

## I.      INTRODUCTION

Defendants Cisco Systems, Inc., Hewlett Packard Enterprise Company, and Aruba Networks, LLC (collectively, "Defendants") seek leave to amend their Invalidity Contentions to add two prior art system references pursuant to Patent Rule 3-6(b).  Good cause exists because of Plaintiff's recent and untimely disclosure of its conception date.  Pursuant to Local Patent Rule 3-1 and 3-2, Plaintiff was required to disclose its earliest priority date with its Infringement Contentions, and to produce all documents evidencing the conception and reduction to practice of its invention on September 15, 2021.  On that date, Plaintiff offered no conception date prior to the application dates on the face of the patent, and produced *no documents regarding conception or reduction to practice*.

Ignoring its obligations, Plaintiff disclosed a new conception date thirteen weeks after it served its Infringement Contentions, and six weeks after Defendants served their Invalidity Contentions.  Plaintiff's new conception date threatens a prior art system (referred to as GSM), as well as two prior art patents (referred to as Wu and Sanchez), which Defendants diligently researched and identified in reliance of Plaintiff's Rule 3-1 and 3-2 disclosures.  It also threatens 27 potential invalidity obviousness combinations related to GSM, Wu, and Sanchez.  Defendants should be permitted to supplement their Invalidity Contentions to address any loss of prior art diligently located in reliance on Plaintiff's newly stated priority date.  Plaintiff's untimely disclosure of its conception date is all the more troubling because it impacts a key prior art system (GSM)[1] under 35 U.S.C. § 102(g).  Prior art systems are of heightened importance to Defendants'

---

[1] While Defendants' invalidity charts for GSM includes printed publications prior to the October 1, 2007 date, Defendants were investigating products released around and after October 1, 2007, to further illustrate the invalidity of the Asserted Claims.

case as a result of a very recent change in the law surrounding IPR estoppel issued by the Federal Circuit earlier this month.  Plaintiff opposes this motion.

## II.     BACKGROUND

On September 15, 2021, Plaintiff served its infringement contentions and accompanying document productions pursuant to Patent Rules 3-1 and 3-2.  Ex. 1; Dkt. 62 at 6.  Plaintiff claimed that the Asserted Claims of U.S. Patent Nos. 8,761,804, 10,292,011, and 10,477,994 (collectively, the "Asserted Patents") were entitled to a priority date of March 14, 2008.  Ex. 1 at 3.  Plaintiff conveniently attempted to reserve the right to "rely on pre-filing conception and/or reduction to practice."  Ex. 1 at 3.  Plaintiff withheld all documents relating to conception and reduction to practice on the basis that they were supposedly all "covered by attorney-client privilege."  *Id.*

On November 10, 2021, Defendants served their invalidity contentions and accompanying document productions pursuant to Patent Rules 3-3 and 3-4.  Ex. 2.  In searching for prior art, Defendants relied on Plaintiff's 3-1 and 3-2 disclosures, which identified no pre-application conception date, and produced no conception documents.

On December 20, 2021, Plaintiff reversed course and claimed an earlier conception date, without seeking leave of Court as required by the Patent Rule 3-6(b).  Ex. 3.  The table that Plaintiff provided in its interrogatory responses is provided below:

| Patent | Priority Date | Date of Conception | Date of Reduction to Practice |
|--------|---------------|--------------------|-------------------------------|
| 8,761,804 | March 14, 2008 | October 1, 2007 | March 14, 2008 |
| 10,292,011 | October 3, 2008 | October 1, 2007 | October 3, 2008 |
| 10,477,994 | October 3, 2008 | October 1, 2007 | October 3, 2008 |

Ex. 3 at 3.

After receiving these interrogatory responses, Defendants immediately revisited their Invalidity Contentions, Padmanabhan Declaration ¶ 9, and determined that Plaintiff's tactics put at risk at least one prior art system and two prior art patents.  It also puts at risk 27 proposed obviousness combinations.  In order to address BillJCo's new conception date, Defendants focused their efforts on the investigation of two prior art systems—Cyberguide and ParcTab—that unquestionably predate BillJCo's new conception date.  Padmanabhan Declaration ¶¶ 9-12. Defendants reached out to a number of the relevant prior artists, including the lead researcher of the Cyberguide system, Professor Gregory Abowd.  *Id*.  Defendant Cisco also served a third-party subpoena to Google, where, based on Cisco's investigation, a number of ParcTab prior artists are currently employed.  *Id.* ¶ 11.  The holidays and Omicron surge slowed the responses of these third parties, and Defendants received important information regarding the Cyberguide systems just two weeks ago, and still awaits information regarding ParcTab.  *Id*.  Of primary importance was a Masters Thesis by Michael Pinkerton related to the Cyberguide system, which is no longer publicly available given that it is twenty-five years old, and was provided by Professor Abowd on February 17, 2022.  Ex. 5 at 1 (listing date of 1997); Padmanabhan Declaration ¶ 12.

Just four days later, on February 21, 2022, Defendants notified BillJCo of their intent to amend their invalidity contentions to add the Cyberguide and ParcTab prior art systems. Ex. 5 (Padmanabhan to Michalek Re Amended Invalidity Contentions).  Defendants also provided a copy of their amended pleading and accompanying invalidity charts on February 23, 2022.  Ex. 6 (Lin to Michalek Re Amended Invalidity Contentions).  The parties met and conferred on February 25, 2022, and BillJCo stated that it opposed the amendment.  BillJCo provided no explanation for its untimely disclosure of its conception date and failure to produce documents related to that conception date.

Fact discovery and opening expert reports are due March 21, 2022.  Expert discovery closes on April 25, 2022.  Dkt. 44 at 3.  Dispositive motions are not due until May 2, 2022, and jury selection is set to commence on August 8, 2022.  *Id.* at 1, 3.

## III.   LEGAL STANDARD

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases."  *Computer Acceleration Corp. v. Microsoft Corp*., 503 F. Supp.2d 819, 822 (E.D. Tex. 2007).  Under the Local Rules of this Court, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).  The Court weighs multiple factors in determining whether good cause exists for leave to amend invalidity contentions, including but not limited to: (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the offending party was diligent in seeking an extension of time; (4) the importance of the particular matter; and (5) the danger of unfair prejudice to the nonmovant.  *Allure Energy, Inc. v. Nest Labs, Inc*., 84 F. Supp. 3d 538, 540-41 (E.D. Tex. 2015).

## IV.   ARGUMENT

Courts in the Eastern District of Texas have granted leave to amend invalidity contentions where any prejudice to Plaintiff is self-inflicted, the defendants have acted diligently upon learning new information, where information is critical to Defendants' case, or where a change in the law has necessitated the amendment.  *See, e.g. e-Watch, Inc. v. Apple, Inc.*, No. 2:13-cv-1061-JRG-RSP, 2014 WL 12668405 (E.D. Tex. Dec. 5, 2014); *Kroy IP Holdings, LLC v. Autozone, Inc., et al*., 2014 WL 7463099 (Bryson, J.); *Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314 (Fed. Cir. 2016). As discussed below, *each* of these facts supporting amendment are present in this case, as discussed below.

### A. Any Delay By Defendants Is Minimal, And There Is No Impact On The Proceedings

Defendants file this motion nine weeks after Plaintiff provided a new conception date on December 20, 2021, and before the close of fact discovery on March 21, 2022.  This nine-week period, which included the year-end holidays, is shorter than other such motions this Court has granted.  *See Motio, Inc. v. Avnet, Inc.*, 2015 WL 5952530, at \*3-4 (E.D. Tex. Oct. 13, 2015); *Alt v. Medtronic, Inc.*, 2006 U.S. Dist. LEXIS 4435, at \*8-11 (E.D. Tex. Feb. 1, 2006).  During this time, Defendants worked to reach out to prior artists and obtain information that is no longer public regarding the two prior art systems it seeks to add.  Padmanabhan Declaration ¶ 11.

Defendants' amendment also comes early in the parties' exchange of discovery.  Both BillJCo and Defendants are still engaging in the production of documents and written discovery. *No depositions have taken place*, other than those for venue discovery and claim construction. Plaintiff is left ample time to address Defendant's limited supplement, and will have an opportunity to depose the fact witness that Defendants have identified with respect to the Cyberguide and ParcTab references, including Professor Abowd.  And Defendants' request will not impact the schedule in these matters, as Defendants do not request any extension or alteration of the Court ordered schedule.

### B. Any Supposed Delay Was Excusable, and Defendants Were Diligent

This delay is a direct and unavoidable result of Plaintiff's late disclosure of its conception date.  During the parties' meet and confer, counsel for BillJCo could provide no explanation for its late disclosure of its conception date or failure to produce conception documents.  Infringement contentions "require parties to crystallize their theories of the case" to "prevent the shifting sands approach to claim construction."  *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).  Yet, Plaintiff concealed its conception date with an assertion of privilege,

only to spring it on Defendants thirteen weeks after serving its Infringement Contentions.  *See* Ex. 2 at 4 ("BillJCo's documents evidencing conception and reduction to practice are covered by attorney-client privilege.").  Defendants could not "reasonably meet" the deadlines laid out by this Court with any degree of diligence, because Defendants were not on notice of Plaintiff's claimed conception date.  *Kroy IP Holdings*, 2014 WL 7463099; *Paice LLC v. Toyota Motor Corp.*, 2008 WL 11278039 (E.D. Tex. Nov. 17, 2008).  This alone supports providing Defendants' leave to amend their invalidity contentions.  *Id.*; *see also Alt v. Medtronic, Inc.,* 2006 WL 278868, *5 (E.D. Tex. 2006).

Moreover, the prior art systems that Defendants seek to add are twenty to thirty years old. Padmanabhan Declaration ¶ 10.  As a result, individuals associated with those projects were difficult to contact, and key documentation related to those systems was preserved in a manner that is no longer public.  Padmanabhan Declaration ¶¶ 10-12 .  The age of these systems, and associated difficulty in obtaining relevant information further advocates for permitting Defendants' amendment.  *See also Kroy IP Holdings*, 2014 WL 7463099 ("[A]ge and difficulty in unearthing prior art is a factor to be considered in determining whether good cause has been shown to supplement invalidity contentions….").  Defendants diligently searched for the relevant prior artists and obtained non-public documentation, including a non-published thesis and academic archives of Georgia Tech University requiring special authorization to obtain. Padmanabhan Declaration ¶¶ 11-12.  Where, like here, research for prior art is highly intensive, or requires the location of non-public sources, the length of a delay is not weighed heavily.  *Alt.*, 2006 U.S. Dist. LEXIS at *8-11 (finding diligence based on research efforts despite six-month delay in disclosing new prior art); *Grand Overseas, Inc. v. CVS Pharmacy, Inc.*, No. 2:15-cv-1401, Dkt. No. 32 (E.D.

Tex. Oct. 28, 2016) (granting leave to supplement invalidity contentions where defendants later located non-public information from third-party) (attached as Exhibit 8).

### C. The Prior Art Systems Are Important to the Merits of these Cases

Here, the proposed amendment is of paramount importance and therefore supports providing leave to amend. *Motio, Inc. v. Avnet, Inc.*, 2015 WL 5952530, at *3-4 (E.D. Tex. Oct. 13, 2015) (leave to amend is permitted "far after the deadline for the service of invalidity contentions [where the] reference appears to be exceedingly relevant and may very well be of paramount importance"); *Kroy IP Holdings*, 2014 WL 7463099 (permitting amendment where defendant "should have informed [plaintiff] at an earlier time of its intention" because "the proposed amendment relates to an important piece of evidence… it would be improper to bar [defendant] from raising that invalidity claim").  The Court need not "analyze the strength of [Defendants'] contentions at this stage," *Thomas Swan & Co. v. Finisar Corp.*, 2014 WL 12599218, *2 (E.D. Tex. Apr. 29, 2014), but should consider Defendants' "representations as to the nature of the [proposed] prior art." *Kroy IP Holdings*, 2014 WL 7463099, *5.

Defendants' supplemental prior art systems prove that the concept of using beacons to create location-aware applications existed before Plaintiff's late disclosed October 1, 2007 conception date.  Both Cyberguide and ParcTab disclosed the use of beaconing to mobile processing systems in order to communicate context-related data records and support location-based applications.  Defendants contend that each of these prior art systems anticipates, or renders obvious, the claimed beaconing inventions of the Asserted Patents.  Defendants intend to support these contentions with testimony from relevant prior artists, including Professor Abowd, as well as products and documents reflecting those prior artists' work.

Finally, a change in law occurred in early February that significantly increased the importance of prior art systems to Defendants' case.  In *California Institute of Technology v.*

*Broadcom Ltd*, 2022 WL 333669 (Fed. Cir. Feb. 4, 2022), the Federal Circuit noted existing precedent that Defendants were only estopped from asserting prior art previously asserted at the Patent Trial and Appeal Board. *Shaw Indus. Grp, Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293 (Fed. Cir. 2016). *Broadcom* overruled *Shaw*, holding instead that "estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all claims and grounds not in the IPR but which reasonably could have been included in the petition." 2022 WL 333669, *11. Defendants filed petitions for *inter partes* review with respect to each of the asserted patents in mid-January 2022.[2] *Broadcom*, which issued just weeks after Defendants' filed their *inter partes* review petitions, may impose broad estoppel if their *inter partes* reviews are instituted. As a result of this change in the law, the admittance of prior art systems, which cannot be brought in *inter partes* review petition, and similarly are not subject to estoppel, are increasingly critical to Defendants' invalidity defense. This change in law further supports providing Defendants leave to amend their invalidity contentions to add the Cyberguide and ParcTab prior art systems. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314 (Fed. Cir. 2016) (finding good cause for amendment where a change in law had the potential to impact proceedings); *see also Arbitron, Inc. v. Int'l Demographics Inc.*, 2008 WL 4755761 (E.D. Tex. Oct. 29, 2008) (same).

### D.  BilLJCo Will Suffer No Prejudice from Defendants' Amendment

The danger of unfair prejudice in this case is minimal, as any prejudice Plaintiff may suffer is a direct result of its own conduct. *See Kroy IP Holdings,* 2014 WL 7463099 (permitting amendment where plaintiff proposed new infringement theory after serving its contentions). BillJCo concealed its conception date until well after its obligations under the Local Rules, and

---

2 Defendants filed petitions for *inter partes* review on the '804 and '011 patents on January 14, 2022, and a petition for *inter partes* review for the '994 patent on January 18, 2022.

even after Defendants served Invalidity Contentions.  Further, insertion of the Cyberguide and ParcTab systems result in a mere 10 additional invalidity combinations for BillJCo to analyze, which is far fewer than the 27 combinations put at risk by BillJCo's late disclosed conception date. By contrast, Defendants would be prejudiced by the exclusion of evidence tending to demonstrate the Asserted Patents' invalidity by BillJCo's late disclosed conception date.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion for Leave to Amend Invalidity Contentions.

Dated:  February 25, 2022                    Respectfully submitted,

                                             */s/ K. Padmanabhan*
                                             K. Padmanabhan
                                             kpadmanabhan@winston.com
                                             Winston & Strawn LLP
                                             200 Park Ave.
                                             New York, NY 10166
                                             Tel: (212) 294-6700

                                             David P. Enzminger
                                             denzminger@winston.com
                                             David K. Lin
                                             dlin@winston.com
                                             Winston & Strawn LLP
                                             333 South Grand Avenue
                                             38th Floor
                                             Los Angeles, CA 90071
                                             Tel: (213) 615-1780

                                             Louis Campbell
                                             llcampbell@winston.com
                                             Winston & Strawn LLP
                                             255 Shoreline Drive
                                             Suite 520
                                             Redwood City, CA  94065
                                             Tel: (415) 810-6570

                                             Melissa R. Smith
                                             GILLAM & SMITH, LLP
                                             303 South Washington Avenue
                                             Marshall, TX 75670
                                             Telephone: (903) 934-8450
                                             Facsimile: (903) 934-9257
                                             Email: melissa@gillamsmithlaw.com

                                             **ATTORNEYS FOR CISCO SYSTEMS INC.**

Dated:  February 25, 2022                Respectfully submitted,

                                           */s/ Rose Cordero Prey*
Rose Cordero Prey
Elana B. Araj.
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
Email: preyr@gtlaw.com
Email: araje@gtlaw.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

**ATTORNEYS FOR HEWLETT PACKARD
ENTERPRISE COMPANY AND ARUBA
NETWORKS, LLC**

11

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on February 25, 2022, pursuant to Local Rule CV-5, and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

        */s/ Melissa R. Smith*
        Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants met and conferred with counsel for Plaintiff. Counsel for Plaintiff indicated that it is opposed to this motion.

        */s/ Melissa R. Smith*
        Melissa R. Smith