# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BILLJCO, LLC | ) |
| | ) CASE NO: 2:21-cv-00181-JRG |
| v. | )           (Lead Case) |
| | ) |
| CISCO SYSTEMS, INC. | ) |
| | ) |
| | ) |

| | |
|---|---|
| BILLJCO, LLC | ) |
| | ) |
| v. | ) CASE NO: 2:21-cv-00183-JRG |
| | )           (Member Case) |
| HEWLETT PACKARD ENTERPRISE | ) |
| COMPANY, ARUBA NETWORKS, LLC | ) |
| | ) |
| | ) |

**BILLJCO, LLC'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Introduction................................................................................................................1 | |
| II. | Legal Standard ..........................................................................................................2 | |
| III. | Defendants Fail To Establish Any "Good Cause," And Their Motion Should Be Denied....................................................................................3 | |
| | A. | Defendants' Explanation (i.e., Excuse) For Failing To Identify Their Invalidity Contentions Based On The Cyberguide Or ParcTab References Are Without Merit ............................................................4 |
| | B. | By Their Own Admission, Defendants Failed To Diligently Identify Prior Art..................................................................6 |
| | C. | Defendants' Change In Law Arguments Do No Warrant Condoning Defendants' Lack Of Diligence ........................................................7 |
| IV. | Conclusion ................................................................................................................9 | |

# TABLE OF AUTHORITIES

**Cases**

California Institute of Technology v. Broadcom Ltd.,
    25 F.4th 976 (Fed. Cir. 2022) ...................................................................................7, 8

Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.,
    Case No. 2:14-cv-911-JRG-RSP,
    2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ...............................................................3

Estech Sys., Inc. v. Target Corp.,
    Case No. 2:20-CV-00123-JRG-RSP
    2021 WL 2187978 (E.D. Tex. May 28, 2021) ................................................................3

Keranos, LLC v. Silicon Storage Tech., Inc.,
    797 F.3d 1025 (Fed. Cir. 2015) ..................................................................................2, 3

In re Magnum Oil Tools Int'l Ltd.,
    829 F.3d 1364 (Fed. Cir. 2016) .......................................................................................5

ROY-G-BIV Corp. v. ABB, Ltd.,
    63 F.Supp.3d 690 (E.D. Tex. 2014) ................................................................................3

SAS Institute, Inc. v. Iancu,
    138 S. Ct. 1348 (2018) ....................................................................................................7

Seven Networks, LLC v. Google LLC,
    Civil Action No. 2:17-CV-00442-JRG,
    2018 WL 3327927 (E.D.Tex. Jul. 6, 2018) .................................................................8, 9

Seven Networks, LLC v. Google LLC,
    2:17-cv-442-JRG, Dkt. No. 198, slip copy at 2 (E.D. Tex. June 8, 2018) ......................8

Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.,
    817 F.3d 1293 (Fed. Cir. 2016) .......................................................................................7

**Other Authority**

P.R. 3-1 .....................................................................................................................2, 4, 5

39784104.1

P.R. 3-3 ................................................................................................................................2

P.R. 3-4 ................................................................................................................................7

P.R. 3-6 ................................................................................................................................3

**All emphasis supplied unless otherwise indicated**

39784104.1

I.      Introduction

On May 25, 2021, Plaintiff, BillJCo LLC ("BillJCo" or "Plaintiff") filed a complaint against Cisco Systems, Inc. ("Cisco"), alleging infringement of U.S. Patents 8,761,804; 10,292,011; and 10,477,994 (collectively the "Patents-in-Suit"). Also on May 25, 2021, BillJCo filed a complaint against Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, Inc. ("Aruba") alleging infringement of the same Patents-in-Suit. Cisco, HPE and Aruba are referred to collectively as "Defendants." On October 25, 2021, the Court entered its Docket Control Order, setting the deadline to comply with P.R. 3-3 and 3-4 as November 10, 2021.[1] (Dkt. 44). Defendants served their P.R. 3-3 and 3-4 disclosures on that day. On February 25, 2022, three and one half months later, they filed the instant motion requesting leave to amend its invalidity contentions to include other prior art references. (Dkt. 94).

According to Defendants, the reason for seeking leave to amend is that two months earlier "[o]n December 20, 2021, Plaintiff … claimed an earlier conception date [in an interrogatory response] without seeking leave of Court as required by the Patent Rule 3-6(b)." (Dkt. 94 at 2). Defendants then argue that "[a]fter receiving these interrogatory responses, Defendants immediately revisited their Invalidity Contentions … and determined that Plaintiff's tactics put at risk at least one prior art system and two prior art patents [and] 27 proposed obviousness combinations." Id. at 3. As a result, "Defendants focused their efforts on the investigation of two prior art systems—Cyberguide and ParcTab—that unquestionably predate BillJCo's new conception date." Id.

---

[1] On January 4, 2022, the Court entered an amended Docket Control Order, but did not alter the dates for compliance with P.R. 3-3 and 3.4. (Dkt. 62).

By Defendants' own admission, they did not engage in efforts to fully investigate the Cyberguide and ParcTab prior art until after the due date for invalidity contentions. Defendants seek to excuse this by claiming a supposed change by BillJCo to its contention about the date of conception for the subject matter of the Patents-in-Suit. As an initial matter, and as discussed herein, Defendants' purported excuse is based on a false claim, because BillJCo did not change its contention about dates of conception, and only modified its claims regarding the priority dates for two of the Patents-in-Suit to a later date.[2] Regardless, the fatal flaw to Defendants' motion is that the Cyberguide and ParcTab references, which Defendants claim are critical to their invalidity defense, should have been and could have been fully investigated before they served their invalidity contentions since these references would have been prior art under BillJCo's P.R. 3-1 Priority Contention inasmuch as it would have been prior art under the Interrogatory Priority Contention. In addition, Defendants were actually aware of the Cyberguide and ParcTab references before serving their initial invalidity contentions.[3]

For the reasons discussed herein, Defendants' motion should be denied.

**II.     Legal Standard**

The local rules of this district require parties in a patent infringement case to timely serve infringement and invalidity contentions. Pat. L.R. 3-1, 3-3. The purpose these rules is to "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d

---

[2] For sake of reference, BillJCo refers to the priority date set forth in its P.R. 3-1 contentions as the "P.R. 3-1 Priority Contention" and the priority date set forth in its interrogatory responses as the "Interrogatory Priority Contention."

[3] Defendants HPE and Aruba indicated on March 11, 2022 that they intended to further amend their invalidity contentions and add more references. HPE/Aruba have not explained the justification for this. BillJCo will address these second amendments in due course.

1025, 1035 (Fed. Cir. 2015) (citations omitted). Invalidity (as well as infringement contentions) must be "reasonably precise and detailed" to provide the opposing party "adequate notice of" a party's theories. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, Case No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302 *10-11 (E.D. Tex. Mar. 21, 2016), quoting *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F.Supp.3d 690, 699 (E.D. Tex. 2014).

This Court's Patent Rules deem a party's "Invalidity Contentions" as final contentions with few exceptions, namely, when "a party claiming patent infringement has served 'Amended Infringement Contentions' pursuant to P. R. 3-6(a)(1)," or "the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2). Other than as expressly permitted in P.R. 3-6(a), amendment or supplementation of Invalidity Contentions may be made only by order of the Court, which shall be entered only upon a showing of good cause. P.R. 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, Case No. 2:20-CV-00123-JRG-RSP, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021), citing *Keranos*, 797 F.3d at 1035.

**III.   Defendants Fail To Establish Any "Good Cause," And Their Motion Should Be Denied**

Defendants do not contend that their Amended Invalidity Contentions should be permitted under P.R. 3-6(a)(2). As such, in order to be granted leave to amend their invalidity contentions, Defendants must show "good cause." P.R. 3-6(b). Defendants cannot do so.

By their own admission, they did not engage in efforts to fully investigate either the Cyberguide and ParcTab references until after the due date for their invalidity contentions.

3

Recognizing that this would be clear evidence of a lack of diligence, Defendants fabricate an excuse claiming that it was Plaintiff that created the need to investigate the new references by changing its date of conception for the subject matter claimed in the Patents-in-Suit.

A plain review of the record demonstrates Defendants' excuse to be based on fiction and without logic. Under no circumstances can Defendants demonstrate good cause. As such, Defendants' motion for leave should be denied.

### A. Defendants' Explanation (i.e., Excuse) For Failing To Identify Their Invalidity Contentions Based On The Cyberguide Or ParcTab References Are Without Merit

Before Defendants may be granted leave to amend their invalidity contentions to add the Cyberguide and ParcTab references, they must provide an explanation for not identifying these contentions by the date set forth in the Court's Docket Control Order. Defendants argue their motion should be granted because "[o]n December 20, 2021, Plaintiff … claimed an earlier conception date [in an interrogatory response] without seeking leave of Court as required by the Patent Rule 3-6(b)." (Dkt. 94 at 2). This claim is false or, at best, is misleading.

P.R. 3-1(e) requires a Plaintiff to identify: "For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled…." In its P.R. 3-1 Infringement Contentions served on September 15, 2021, BillJCo did just that stating:

> "Pursuant to P.R. 3-1(e), each of the Asserted Claims is entitled to a priority date of March 14, 2008 because each is entitled to claim priority to U.S. Patent Application Serial No. 12/077,041, which was filed on that date. BillJCo reserves the right to rely on pre-filing conception and/or reduction to practice."

(Dkt. 94-2 at 3). Over two months later, Defendants propounded on Plaintiff the following interrogatory:

> For each Asserted Claim, identify the priority date, date of conception, date of reduction to practice, and any acts of diligence that BillJCo contends are related to that Asserted Claim, and any facts and law that support BillJCo's contention.

(Dkt. 94-4 at 2). Plaintiff responded with the following:

> Subject to and without waiving the foregoing objections, Plaintiff states the following dates for all asserted claims of each asserted patent.
>
> | Patent | Priority Date | Date of Conception | Date of Reduction to Practice |
> |---|---|---|---|
> | 8,761,804 | March 14, 2008 | October 1, 2007 | March 14, 2008 |
> | 10,292,011 | October 3, 2008 | October 1, 2007 | October 3, 2008 |
> | 10,477,994 | October 3, 2008 | October 1, 2007 | October 3, 2008 |
>
> Subject to and without waiving the foregoing objections, Inventor Bill Johnson exercised reasonably diligence to the March 14, 2008 and October 3, 2008 constructive reduction to practice at least by drafting the over 250- and 700-page patent applications filed on the respective dates of constructive reduction to practice during the relevant diligence period.

(Dkt. 94-4 at 3). As shown, with respect to the '804 Patent, Plaintiff repeated its March 14, 2008 priority date, and with the '011 Patent and the '994 Patent, it identified a **later** priority date of October 3, 2008.

BillJCo, in response to a subpart of Defendants' interrogatory, also identified a date of conception of October 1, 2007. Defendants argue Plaintiff changed its date of "conception." This is false. BillJCo's P.R. 3-1 contentions do not identify a date of conception. Indeed, P.R. 3-1 does not require it. This is logical because reliance on a date of conception, i.e., swearing behind a reference would only be done after identification of supposed prior art. A patent owner may "swear behind" an asserted reference by proving a date of invention before the critical date of a prior art reference. It is the patent owner's burden to establish "that its claimed invention is entitled to an earlier priority date than an asserted prior art reference." *In re Magnum Oil Tools*

*Int'l Ltd.*, 829 F.3d 1364, 1375-76 (Fed. Cir. 2016). Until a patent challenger identifies the supposed prior art, there is nothing to swear behind.

Importantly, Defendants never asked whether BillJCo sought to swear behind any of Defendants' references. See Dkt. 94-4. Instead, as shown, Defendants merely asked for identification of the dates of conception and acts of diligence; to which BillJCo responded. As such, Plaintiff never "changed" its dates of conception of the invention.

**B.      By Their Own Admission, Defendants Failed To Diligently Identify Prior Art**

Defendants admit that it was only after December 20, 2021 (the date of BillJCo's interrogatory responses) that "Defendants focused their efforts on the investigation of two prior art systems—Cyberguide and ParcTab…." (Dkt. 94 at 2). What Defendants fail to explain away, however, is why they failed to fully investigate Cyberguide and ParcTab **before** serving their invalidity contentions.

To the extent that Cyberguide and ParcTab constitute prior art in view of an early date, they would also constitute prior art under a later date. In other words, even if one were to assume *arguendo* that BillJCo changed its claimed priority date between its P.R. 3-1 Priority Contention and its Interrogatory Priority Contention, this would have no effect on whether Cyberguide and ParcTab should have been included in Defendants' initial invalidity contentions, because they would have been prior art regardless.

Defendants assert that their "proposed amendment is of paramount importance…." (Dkt. 94 at 7). Defendants further assert that Cyberguide and ParcTab "prove that the concept of using beacons to create location-aware applications existed" before Plaintiff's conception date. Id. Assuming that these assertions are correct, this demonstrates that under any metric for diligence, Defendants should have investigated Cyberguide and ParcTab as part of preparing its initial invalidity contentions.

Indeed, it is undeniable that Defendants knew of Cyberguide and ParcTab before serving their initial invalidity contentions. Defendants' invalidity contentions served on November 10, 2021 identify: "Schilit, Bill, The ParcTAB mobile computing system." (Dkt. 94-3 at 12). Also, documents produced by Defendants on November 10, 2021 pursuant to P.R. 3-4(b) discuss the ParcTab system. Ex. 1, JMK Decl. ¶ 4. Similarly, Defendants produced documents pursuant to P.R. 3-4(b) regarding Cyberguide. Ex. 1, JMK Decl. ¶ 3. As such, Defendants knew or should have known of and fully investigated each of Cyberguide and ParcTab, and included their contentions related thereto with the initial invalidity contentions.

  **C. Defendants' Change In Law Arguments Do Not Warrant Condoning Defendant's Lack Of Diligence**

Defendants argue that they should be excused from complying with the Docket Control Order and its required disclosures under P.R. 3-3 because of a purported change in law resulting from the case *California Institute of Technology v. Broadcom Ltd.*, 25 F.4th 976 (Fed. Cir. 2022) ("*CalTech*"). Defendants' claim that *CalTech* provides them with any legitimate justification for the instant motion lacks any sense of logic.

First, the purported change in law on which Defendants rely as a result of the *CalTech* case. Instead, as the Federal Circuit made clear, the Supreme Court made clear several years earlier in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1357-58 (2018) that there is no partial institution authority conferred on the Board by the America Invents Act and that it is the petition, not the institution decision, that defines the scope of the IPR. *CalTech*, 25 F.4th at 990. The Federal Circuit further explained that the earlier precedence set forth in the case *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) rested "on the assumption that the Board need not institute on all grounds." Accordingly, the Federal Circuit found that because the reasoning underlying *Shaw* was clearly undercut by *SAS* in such a way

that the *Shaw* and *SAS* cases are clearly irreconcilable, it was merely "clarify[ing] that estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition." *CalTech*, 25 F.4th at 991. The supposed change in the law was years earlier in *SAS*.

More importantly, however, the fact still remains that Defendants knew of each of Cyberguide and ParcTab at the time they served their invalidity contentions. That they may have excluded these references from their invalidity contentions for some tactical reason related to their petition of inter *partes* review cannot justify their lack of diligence. To the contrary, it suggests that Defendants affirmatively chose not to include Cyberguide and ParcTab in their invalidity contentions.

### D. Defendants' Arguments Of Lack Of Prejudice To BillJCo Cannot Justify Their Failure To Diligently Investigate ParcTab and Cyberguide

"The Local Rules and the Patent Rules of the Eastern District of Texas are not mere 'guidelines.' Litigants and the Court both rely on the Local Rules and Patent Rules to ensure an orderly litigation and the proper development of the same. This struggles to happen when one side's theory of the case is constantly shifting. " *Seven Networks, LLC v. Google LLC*, Civil Action No. 2:17-CV-00442-JRG, 2018 WL 3327927 at *2 (E.D.Tex. Jul. 6, 2018), citing, *Keranos,* 797 F.3d at 1035.

Where a defendant "was aware of [prior art] prior to the service of its infringement contentions and did not ... show sufficient diligence in its development of the information required to chart [the prior art, it] failed to demonstrate the requisite good cause to necessitate deviation from the deadlines set forth in the Docket Control Order." *Seven Networks, LLC v. Google LLC*, 2:17-cv-442-JRG, Dkt. No. 198, slip copy at 2 (E.D. Tex. June 8, 2018). "A lack of

prejudice to [Plaintiff] … is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone." *Id*. Here, Defendants knew of each of the ParcTab and Cyberguide references before serving their invalidity contentions. In addition, Defendants' contentions were not disclosed until after the P.R. 4-1 and P.R. 4-2 disclosures. As such, there is substantial prejudice. See *Id*. at *3.

### IV. Conclusion

For the reasons discussed above, Plaintiff BillJCo respectfully requests that this Court deny Defendants' motion for leave to submit amended invalidity contentions.

Dated: March 14, 2022

Respectfully submitted,

*/s/ Joseph M. Kuo*
Brian R. Michalek (*pro hac vice* granted)
Casey Grabenstein (*pro hac vice* granted)
Brian Landry (*pro hac vice* granted)
Joseph M. Kuo (*pro hac vice* granted)
Erin Westbrook (*pro hac vice* granted)
brian.michalek@saul.com
casey.grabenstein@saul.com
brian.landry@saul.com
joseph.kuo@saul.com
erin.westbrook@saul.com
**Saul Ewing Arnstein & Lehr LLP**
161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: 312-876-7100
Facsimile: 312-876-0288

*Of Counsel:*

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway

9

                    Longview, Texas 75604
                    (903) 757-6400 (telephone)
                    (903) 757-2323 (facsimile)
                    **Attorneys for Plaintiff BillJCo, LLC**

10

39784104.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **March 14, 2022** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/Joseph M. Kuo*

39784104.1