# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BILLJCO, LLC | ) |
| | ) CASE NO: 2:21-cv-00181-JRG |
| v. | )           (Lead Case) |
| | ) |
| CISCO SYSTEMS, INC. | ) |
| | ) |
| | ) |
| BILLJCO, LLC | ) |
| | ) |
| v. | ) CASE NO: 2:21-cv-00183-JRG |
| | )           (Member Case) |
| HEWLETT PACKARD ENTERPRISE | ) |
| COMPANY, ARUBA NETWORKS, LLC | ) |
| | ) |
| | ) |

**BILLJCO, LLC'S OPPOSITION TO DEFENDANTS'
SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

**TABLE OF CONTENTS**

I. Introduction...........................................................................................................................1

II. Legal Standard ......................................................................................................................2

III. HPE/Aruba Failed To Establish Any "Good Cause" And
Their Motion Should Be Denied............................................................................................3

    A. HPE/Aruba Failed To Diligently Identify Prior Art ..............................................3

    B. HPE/Aruba's Justification For Failing To Timely Identify Their Invalidity
Contentions Based On The BLIP References Are Without Merit........................4

    C. HPE/Aruba's Change In Law Arguments Do Not Warrant
Condoning Defendants' Lack Of Diligence .........................................................6

    D. HPE/Aruba's Arguments Of Lack Of Prejudice
To BillJCo Do Not Establish Good Cause............................................................7

IV. Conclusion .............................................................................................................................8

i

39842319.1

# TABLE OF AUTHORITIES

**Cases**

California Institute of Technology v. Broadcom Ltd.,
    25 F.4th 976 (Fed. Cir. 2022) ...................................................................................6, 7

Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.,
    Case No. 2:14-cv-911-JRG-RSP,
    2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ..................................................................2

Estech Sys., Inc. v. Target Corp.,
    Case No. 2:20-CV-00123-JRG-RSP
    2021 WL 2187978 (E.D. Tex. May 28, 2021)...................................................................3

Keranos, LLC v. Silicon Storage Tech., Inc.,
    797 F.3d 1025 (Fed. Cir. 2015)......................................................................................3, 7

ROY-G-BIV Corp. v. ABB, Ltd.,
    63 F.Supp.3d 690 (E.D. Tex. 2014) ..................................................................................2

SAS Institute, Inc. v. Iancu,
    138 S. Ct. 1348 (2018).......................................................................................................6

Seven Networks, LLC v. Google LLC,
    Civil Action No. 2:17-CV-00442-JRG,
    2018 WL 3327927 (E.D.Tex. Jul. 6, 2018) ......................................................................7

Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.,
    817 F.3d 1293 (Fed. Cir. 2016).........................................................................................7

**Other Authority**

P.R. 3-1 .................................................................................................................................2, 4, 5

P.R. 3-3 ..........................................................................................................................................2

P.R. 3-6 ..........................................................................................................................................2

**All emphasis supplied unless otherwise indicated**

I.      Introduction

On May 25, 2021, Plaintiff, BillJCo LLC ("BillJCo" or "Plaintiff") filed a complaint against Cisco Systems, Inc. ("Cisco"), alleging infringement of U.S. Patents 8,761,804; 10,292,011; and 10,477,994 (collectively the "Patents-in-Suit"). Also on May 25, 2021, BillJCo filed a complaint against Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, Inc. ("Aruba") alleging infringement of the same Patents-in-Suit. These cases were consolidated. On October 25, 2021, the Court entered its Docket Control Order setting the deadline of November 10, 2021 to comply with P.R. 3-3 and 3-4. (Dkt. 44.) P.R. 3-3 and 3-4 disclosures on behalf of all defendants were served that day. Three and one half months later on February 25, 2022, all of the defendants filed a motion for leave to amend their invalidity contentions to include other prior art references. (Dkt. 94.) BillJCo opposes this motion. (Dkt. 96.) Three weeks later on March 15, 2022, defendants HPE and Aruba ("HPE/Aruba") filed this second motion for leave to amend invalidity contentions to include another previously undisclosed prior art reference. HPE/Aruba's motion is very similar to that previously brought, and like their first motion, this second motion for leave to amend invalidity contentions should be denied, because HPE/Aruba cannot show good cause for their requested leave.

HPE/Aruba incorrectly argue they were diligent in identifying the prior art BLIP System, and that a supposed change in position by BillJCo regarding the priority date for the Patents-in-Suit excuses their clear lack of diligence. A cursory review of HPE/Aruba's arguments demonstrates they were anything but diligent, and their attempt to blame BillJCo is specious.

First, by HPE/Aruba's own admission, they did not engage in efforts to timely locate and identify the BLIP reference prior to making their preliminary invalidity contentions. Instead, it was only after BillJCo supposedly changed its contentions regarding the date of conception of

1

the invention that their expert, Dave Williams, identified the BLIP reference. This BLIP reference, which HPE/Aruba describes as critical to its case, should have been identified before their invalidity contentions, since BillJCo's supposed change in position is irrelevant as to whether the BLIP reference was prior art. In addition, HPE/Aruba's claim that BillJCo changed its contention about the date of conception of Mr. Johnson's inventions is disingenuous. BillJCo did not change its contention about dates of conception. Instead, it only modified its contentions regarding the <u>priority dates</u> for two of the Patents-in-Suit <u>to a later date</u>.

For the reasons discussed herein, Defendants' motion should be denied.

## II.     Legal Standard

This court's local patent rules require parties to timely serve infringement and invalidity contentions (see Pat. L.R. 3-1, 3-3) so "parties … crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) (citations omitted). Invalidity contentions (and infringement contentions) must be "reasonably precise and detailed" to provide the opposing party "adequate notice of" a party's theories. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, Case No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302 at *10-11 (E.D. Tex. Mar. 21, 2016), quoting *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F.Supp.3d 690, 699 (E.D. Tex. 2014).

A party's "Invalidity Contentions" are deemed to be final contentions with few exceptions, namely, when "a party claiming patent infringement has served 'Amended Infringement Contentions' pursuant to P. R. 3-6(a)(1)," or "the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires." P.R. 3-6(a)(2). Other than as expressly permitted by P.R. 3-6(a), amendment or supplementation of Invalidity Contentions may be made only by order of the Court, which shall be entered only

upon a showing of "good cause." P.R. 3-6(b). "Courts routinely consider four factors to determine whether good cause has been shown: '(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.'" *Estech Sys., Inc. v. Target Corp.*, Case No. 2:20-CV-00123-JRG-RSP, 2021 WL 2187978, at *2 (E.D. Tex. May 28, 2021), citing *Keranos*, 797 F.3d at 1035.

### III. HPE/Aruba Failed To Establish Any "Good Cause" And Their Motion Should Be Denied

HPE/Aruba do not contend their amended invalidity contentions should be permitted under P.R. 3-6(a)(2). Instead, they claim they have "good cause" under P.R. 3-6(b) for their requested relief. The facts, however, demonstrate there is no good cause, and HPE/Aruba's motion is nothing more than an attempt to add prior art that they could have identified in a timely manner if they had actually been diligent.

#### A. HPE/Aruba Failed To Diligently Identify Prior Art

By their own admission, HPE/Aruba did not engage in efforts to investigate the BLIP reference prior to the due date for their invalidity contentions. HPE/Aruba admit that it was not until their expert witness, Dave Williams, was engaged that he "discovered the BLIP System in late January" as part of "researching product prior art." (Dkt. 99 at 2, 7.)[1] HPE/Aruba fail, however, to explain why they did not locate and investigate the BLIP reference prior to submission of their invalidity contentions. Instead, HPE/Aruba's arguments only raise questions.

---

[1] While HPE and Aruba stated that Mr. Williams signed onto the Protective Order in January, it is not clear when Mr. Williams was actually engaged.

39842319.1

Why did HPE/Aruba not engage an expert witness until after submitting their invalidity contentions? They certainly could have engaged an expert witness much earlier in the case and had the expert research product prior art before making their invalidity contentions.

Why did HPE/Aruba not locate BLIP before their invalidity contentions? They claim it to be of "paramount importance" because it "proves that the concept of using beacons to transmit information for a variety of location-based applications existed before Plaintiff's late disclosed October 1, 2007 conception date." (Dkt. 99 at 8-9.) If BLIP existed before October 1, 2007 (date of conception), it also existed before March 14, 2009 or October 3, 2008 (priority dates), and this prior art of "paramount importance" should have been analyzed before the invalidity contentions.

How does BillJCo's supposed change to its priority date or date of conception justify HPE/Aruba's motion? It does not. If the BLIP reference is prior art under BillJCo's date of conception, it would also be prior art under BillJCo's priority date since the date of conception is earlier than the priority date. As such, even if one were to assume *arguendo* that BillJCo changed its claimed priority date, the BLIP reference is something HPE/Aruba could have found, fully investigated, and included in their initial invalidity contentions.

**B.     HPE/Aruba's Justification For Failing To Timely Identify Their Invalidity Contentions Based On The BLIP References Are Without Merit**

In addition to HPE/Aruba's failure of diligence, HPE/Aruba's argument for their impetus for finding the BLIP reference is also wrong. HPE/Aruba argue their motion should be granted because "on February 22, 2022 … Plaintiff … claimed an earlier conception date [in an interrogatory response] without seeking leave of Court as required by the Patent Rule 3-6(b)." (Dkt. 99 at 2.) HPE/Aruba's premise is false.

P.R. 3-1(e) requires a Plaintiff to identify: "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled…." In its P.R. 3-1 Infringement Contentions served on September 15, 2021, BillJCo did just that stating:

> "Pursuant to P.R. 3-1(e), each of the Asserted Claims is entitled to a priority date of March 14, 2008 because each is entitled to claim priority to U.S. Patent Application Serial No. 12/077,041, which was filed on that date. BillJCo reserves the right to rely on pre-filing conception and/or reduction to practice."

(Dkt. 99-2 at 3.) Over two months later, Defendants propounded the following interrogatory: "[f]or each Asserted Claim, identify the priority date, date of conception, date of reduction to practice, and any acts of diligence that BillJCo contends are related to that Asserted Claim, and any facts and law that support BillJCo's contention." (Dkt. 99-4 at 3.) Plaintiff responded with:

> Subject to and without waiving the foregoing objections, Plaintiff states the following dates for all asserted claims of each asserted patent.
>
> | Patent | Priority Date | Date of Conception | Date of Reduction to Practice |
> |---|---|---|---|
> | 8,761,804 | March 14, 2008 | October 1, 2007 | March 14, 2008 |
> | 10,292,011 | October 3, 2008 | October 1, 2007 | October 3, 2008 |
> | 10,477,994 | October 3, 2008 | October 1, 2007 | October 3, 2008 |
>
> Subject to and without waiving the foregoing objections, Inventor Bill Johnson exercised reasonably diligence to the March 14, 2008 and October 3, 2008 constructive reduction to practice at least by drafting the over 250- and 700-page patent applications filed on the respective dates of constructive reduction to practice during the relevant diligence period.

(Dkt. 99-4 at 4.) With the '804 Patent, Plaintiff repeated its March 14, 2008 priority date, and with the '011 and '994 Patents, it identified a **later** priority date of October 3, 2008.

Further, in response to a subpart of Defendants' interrogatory, BillJCo identified a date of conception of October 1, 2007. Based on this, HPE/Aruba claim BillJCo changed its date of "conception." Incorrect. P.R. 3-1 did not require disclosure of "date of conception." Instead, P.R. 3-1 requires disclosure "[f]or any patent that claims priority to an earlier application, the priority

date to which each asserted claim allegedly is entitled." This "priority date" is the filing date of an earlier patent application with which a patent at issue shares continuity, e.g., the filing date of a parent application. By contrast, a "date of conception" is the date for when the inventor came up with the idea for his or her invention. This clear difference between a "date of conception" and a "priority" highlights the fallacy to the premise for HPE/Aruba's supposed "good cause."

Importantly, Defendants never asked whether BillJCo sought to swear behind any of Defendants' references. (See Dkt. 99-4.) Instead, as shown, Defendants merely asked for identification of the dates of conception and acts of diligence; to which BillJCo responded. As such, Plaintiff never "changed" its dates of conception of the invention.

Moreover, BillJCo has affirmatively stated that it is not swearing behind any prior art reference. (Dkt. 108, Ex. 1.) As such, HPE's and Aruba's supposed reason for its new search for the BLIP reference is nonexistent.

### C. HPE/Aruba's Change In Law Arguments Do Not Warrant Condoning Defendants' Lack Of Diligence

HPE/Aruba argue they should be excused from complying with the Docket Control Order and its required disclosures under P.R. 3-3, because of a purported change in law resulting from the case *California Institute of Technology v. Broadcom Ltd.*, 25 F.4th 976 (Fed. Cir. 2022) ("*CalTech*"). There is no logic to this argument that *CalTech* gives alleged infringers an open door to amend invalidity contentions at their discretion.

The Federal Circuit clearly stated that purported change in law on which Defendants rely was established by the Supreme Court several years earlier in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348, 1357-58 (2018). There, the Supreme Court held that there is no partial institution authority conferred on the Board by the America Invents Act, and that it is the petition, not the institution decision, that defines the scope of the IPR. *CalTech*, 25 F.4th at 990. The Federal

Circuit explained that its earlier precedence in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) rested "on the assumption that the Board need not institute on all grounds," and because the reasoning underlying *Shaw* was clearly undercut by *SAS* in such a way that *Shaw* and *SAS* are clearly irreconcilable, it was "clarify[ing] that estoppel applies to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition." *CalTech*, 25 F.4th at 991. The supposed change in the law was years earlier in *SAS*.

Moreover, nothing in *CalTech* suggests that its holding would give alleged patent infringers good cause to amend invalidity contentions. Instead, it merely demonstrates the importance of fully investigating prior art early on, or risk estoppel by failing to raise prior art that reasonably could have been asserted.

### D. HPE/Aruba's Arguments Of Lack Of Prejudice To BillJCo Do Not Establish Good Cause

"The Local Rules and the Patent Rules of the Eastern District of Texas are not mere 'guidelines.' Litigants and the Court both rely on the Local Rules and Patent Rules to ensure an orderly litigation and the proper development of the same. This struggles to happen when one side's theory of the case is constantly shifting. " *Seven Networks, LLC v. Google LLC*, Case No. 2:17-CV-00442-JRG, 2018 WL 3327927 at *2 (E.D.Tex. Jul. 6, 2018), citing, *Keranos,* 797 F.3d at 1035. "A lack of prejudice to [Plaintiff] … is not sufficient to demonstrate good cause without more; to hold otherwise would change the showing from one of good cause to one of no prejudice and absolve the movant from a failure based on harm to the opposing party alone." *Id*. Moreover, HPE/Aruba's amended invalidity contentions were not disclosed until after the P.R. 4-1 and P.R. 4-2 disclosures. Thus, there is substantial prejudice to BillJCo. See *Seven Networks*, 2018 WL 3327927 at *3.

## IV. Conclusion

For the reasons discussed above, Plaintiff, BillJCo respectfully requests that this Court deny HPE/Aruba's second motion for leave to submit amended invalidity contentions.

Dated: March 29, 2022

Respectfully submitted,

/s/ Joseph M. Kuo
Brian R. Michalek (*pro hac vice* granted)
Casey Grabenstein (*pro hac vice* granted)
Brian Landry (*pro hac vice* granted)
Joseph M. Kuo (*pro hac vice* granted)
Erin Westbrook (*pro hac vice* granted)
brian.michalek@saul.com
casey.grabenstein@saul.com
brian.landry@saul.com
joseph.kuo@saul.com
erin.westbrook@saul.com
**Saul Ewing Arnstein & Lehr LLP**
161 N. Clark St., Suite 4200
Chicago, IL 60601
Telephone: 312-876-7100
Facsimile: 312-876-0288

*Of Counsel:*

Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
**Attorneys for Plaintiff BillJCo, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via e-mail on **March 29, 2022** to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/Joseph M. Kuo*
